711 S.W.2d 442 (1986)
Samuel Ervin OLIVER, Appellant,
v.
The STATE of Texas, State.
No. 2-85-132-CR.
Court of Appeals of Texas, Fort Worth.
June 26, 1986.
*443 Zachry, Kearney, Hill, Shaw, Beatty & Butcher and Allan K. Butcher, Fort Worth, for appellant.
Tim Curry, Crim. Dist. Atty., and Betty Stanton, Asst. Dist. Atty., Fort Worth, for the State.
Before BURDOCK, HILL and HUGHES (Retired, Sitting by Assignment), JJ.

OPINION
HILL, Justice.
Samuel Ervin Oliver appeals from his conviction by a jury, upon his plea of not guilty, of the offense of aggravated assault. The trial court, finding that Oliver had committed two prior felonies, assessed his punishment at 60 years in the Texas Department of Corrections. Oliver contends in his sole ground of error that the trial court erred by admitting into evidence a knife found in Oliver's car as a result of an invalid arrest. He urges that the State *444 failed to produce its warrant and supporting affidavit despite his objections that there was no affidavit to show probable cause for the warrant.
We reverse and remand, because we find that the trial court erred by admitting the knife into evidence without the State's introduction of the arrest warrant which served as the basis for the inventory search of Oliver's car.
When a defendant objects to the court admitting evidence on the ground that it was unlawfully seized and the State relies on a search warrant, in the absence of a waiver, reversible error will result unless the record reflects that the warrant was exhibited to the trial judge. Cannady v. State, 582 S.W.2d 467 (Tex.Crim.App. 1979).
It has been held that this rule also applies to the production of an arrest warrant when an accused objects to admission of evidence on the ground that it is tainted by a warrantless arrest and the State relies on an arrest warrant. Gant v. State, 649 S.W.2d 30, 33 (Tex.Crim.App.1983). We hold that this rule also applies when there is an objection to the form of such an arrest warrant, since the purpose for the production of the warrant is for the trial court to ascertain that it is regular on its face, meeting all necessary requirements. See Henderson v. State, 1 S.W.2d 300, 301 (Tex.Crim.App.1927).
Oliver was stopped by a Fort Worth police officer about 2:00 a.m. on January 16, 1983. The officer was responding to a call involving a fight at the Cadillac Lounge. When he arrived at the lounge, the officer heard Cadillac, the owner of the lounge, yelling to get his attention and pointing at Oliver's car leaving the lot. The officer stopped Oliver. Another police officer, who had just arrived, checked to see if Oliver had any outstanding city warrants. Upon learning that Oliver had outstanding city warrants, the officers arrested him. The knife, which had a substance which appeared to be blood on its blade, was recovered in an inventory search made subsequent to the arrest in accordance with policies and procedures of the Fort Worth Police Department. The knife was admitted into evidence over objection that it was recovered as a result of an illegal search and seizure, that there was no affidavit in support of the arrest warrant, and that this was all in violation of Oliver's rights under the United States Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure. Neither the warrant nor any supporting affidavit was presented to the trial judge. No objection was made specifically addressed to the State's failure to produce the warrant or the affidavit.
The State contends that Oliver failed to preserve his error by not objecting to the failure of the State to produce the warrant and any supporting affidavit and that he thereby waived this error. The State's reliance on the cases of Townsley v. State, 652 S.W.2d 791 (Tex.Crim.App.1983) and Foster v. State, 652 S.W.2d 474 (Tex. App.Houston [1st Dist.] 1983), aff'd, 693 S.W.2d 412 (Tex.Crim.App.1985) is misplaced, because neither case involved any objection relating to the existence or validity of any arrest or search warrant. In Townsley, there was no question raised as to the validity of traffic warrants issued for the defendant. Any objection went to the legality of the defendant being held in custody after he had offered to pay the fines involved. In Foster, the defendant was originally arrested without a warrant. A search warrant was obtained after the arrest. The defendant's objection at trial was not directed to any invalidity of the search warrant, but to lack of probable cause for the warrantless arrest. In the case at bar, the objection did go to the validity of the arrest warrant relied upon by the State.
The State next contends that despite the officer's testimony that his search of the vehicle was based upon the arrest warrants, that the officer had probable cause to stop Oliver and that if he were properly stopped the officer had the right to search the interior of his automobile for weapons. The State relies on the case of Michigan v. *445 Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). In that case, the police, during a lawful investigatory stop, searched the passenger compartment of a vehicle because they had reason to believe that the vehicle contained weapons potentially dangerous to the officers. Even if it were true that the officer had the right to search the interior of the automobile for weapons as a result of an investigatory stop, the fact remains that in this case the officer was not conducting a search for weapons for his protection. He was conducting an inventory search in connection with the city warrant arrest. There was no indication that the officers searched Oliver's vehicle because they had reason to believe that it contained weapons.
Next, the State contends that the officer had probable cause to effect a warrantless arrest, so that a warrant was not necessary. The State appears to rely upon TEX.CODE CRIM.PROC.ANN. art. 14.04 (Vernon 1977). Article 14.04 provides for warrantless arrest where it has been shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape. Even if the indication of the bar owner to the officer to follow or stop Oliver could be construed as an indication that Oliver had been involved in a fight in the bar, it did not constitute a representation that a felony had been committed. Since the officer had received no information that Oliver had committed any felony, art. 14.04 would afford no basis for a warrantless arrest. We have also examined TEX. CODE CRIM.PROC.ANN. arts. 14.01, 14.02 (Vernon 1977) and art. 14.03 (Vernon Supp.1986) and find that none of them authorize a warrantless arrest under the facts of this case.
The State contends that the probable cause could have been supplied by the injured party's brother, who gave information to the officer about the fight some 40 minutes after Oliver had been stopped. That information cannot serve as the basis for Oliver's arrest and the search incident thereto because the arrest and search occurred before the officer received the information.
Finally, the State contends that even if the evidence were obtained unlawfully that the trial court did not err in admitting it into evidence. The State relies on "independent source" and "inevitable discovery" exceptions to the exclusionary rule. TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979) in part provides that:
No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
The "independent source" and "inevitable discovery" exceptions advanced by the State are judicial exceptions to the judicially articulated exclusionary rule. In this case we are dealing with art. 38.23 of the Texas Code of Criminal Procedure. The article by its terms clearly excludes the admission into evidence of any evidence which has been illegally obtained. The article contains no exceptions to the rule. If there should be exception to the rule, similar to the exceptions which have been recently made to the exclusionary rule, such a change should come by way of amendment to art. 38.23, not by our ruling that the evidence is admissible in direct contradiction to the plain wording of the statute.
Since there was conflicting testimony as to whether or not it was Oliver who had stabbed the injured party, we are unable to say that the error in allowing the knife found in Oliver's car to be admitted into evidence was harmless. We sustain Oliver's sole ground of error.
The judgment of conviction is reversed and the cause remanded.