**Grady Lee STARLLING, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–84–259–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 14, 1988.

Lee Ann Dauphinot, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and David L. Richards Asst. Crim. Dist. Atty., Fort Worth, for State.

Before BURDOCK, JOE SPURLOCK, II and HILL, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

A jury found appellant guilty of the offense of burglary of a habitation and that he had been convicted of two prior felonies. It assessed his punishment at confinement in the Texas Department of Corrections for 55 years. *See* TEX.PENAL CODE ANN. sec. 30.02 (Vernon 1974).

On original submission to the court, we affirmed Starlling's conviction. We held Starlling's warrantless arrest was legal un-

der TEX.CODE CRIM.PROC.ANN. art. 14.04 (Vernon 1977) based upon information supplied to a police officer by a reliable confidential informant when the suspect was going from "place to place," and the officer did not have time to procure a warrant. *Starlling v. State*, 693 S.W.2d 47, 52 (Tex.App.—Fort Worth 1985, pet. granted). On appellant's petition for discretionary review, the Court of Criminal Appeals reversed our decision, holding that this court's interpretation of Texas Code of Criminal Procedure article 14.04 allowing a warrantless arrest "when the suspect is going from place to place" was incorrect as that was not satisfactory proof that the offender was about to escape. *Starlling v. State*, 719 S.W.2d 309 (Tex.Crim.App.1986). The Court remanded the cause to our court for reconsideration of points of error four and five. *Id.*

We affirm.

Appellant complains in his fourth point of error that the trial court erred in denying his motion to suppress a statement given by him after he was arrested, because that statement was the fruit of an illegal arrest. Appellant's fifth point of error alleges the court erred in failing to suppress the evidence which was the fruit of an illegal search and seizure of appellant's automobile. A brief review of the evidence at trial is necessary.

On November 23, 1983 Patsy Williams, a Fort Worth Police Officer received a phone call from a confidential informant who told her that he knew that a black male named Grady Starlling had burglarized a home. He described Starlling as approximately 5 feet, 7 inches in height and 150 pounds in weight. The informant described Starlling's car as a beige four-door Chrysler New Yorker and gave Williams the license number of the car. He further stated that there were two rifles in the trunk of Starlling's car and some jewelry in the front of the car and that Starlling was carrying a pistol in his right back pocket. The informant advised Williams that Starlling was at a bar on the corner of east Hattie and Calhoun Street in Fort Worth. The informant had provided Williams with reliable information five times in the past. Starlling was subsequently questioned and arrested by the Fort Worth Police. The remainder of the facts of this case are adequately discussed in the prior opinion of this court.

Appellant contends, on remand, that the evidence seized from the interior and trunk of his car should have been excluded as the fruit of an illegal arrest. He argues the warrantless arrest was not justified under article 14.04 of the Texas Code of Criminal Procedure as there was no evidence that he was about to escape. The State argues that the arrest was legal under article 14.-01(b) of the Texas Code of Criminal Procedure and that the subsequent search was lawful as a search incident to the arrest. Further, the State contends that Officer Descamps' action of walking up to the car to ascertain the identity of the driver of the car was lawful as an investigative detention and the search of the interior of the car was justifiable as being within the scope of the search during investigative detention. Descamps' discovery of the gun in plain view provided probable cause for appellant's arrest, and the officer's subsequent discovery of the guns in the trunk of the car was proper as a search incident to that arrest.

In resolving points of error four and five, we must examine three issues: 1) whether the initial stop was justified; 2) whether the subsequent seizure of the holster and gun were proper pursuant to an investigative detention; and 3) whether appellant's warrantless arrest and the search of the automobile incident to his arrest were legal.

A police officer may briefly stop a suspicious person in order to determine his identity or to maintain the status quo momentarily while attaining more information. *Gearing v. State*, 685 S.W.2d 326, 327–28 (Tex.Crim.App.1985). To justify temporary detention, the officer must have specific articulable facts which, in light of his experience and personal knowledge, along with inferences from those facts, would reasonably warrant the intrusion on the freedom of the citizen stopped for in-

vestigation. *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968); *Anderson v. State,* 701 S.W.2d 868, 873 (Tex.Crim.App.1985), *cert. denied,* — U.S. ——, 107 S.Ct. 239, 93 L.Ed.2d 163 (1986). There must be a reasonable suspicion by the officer that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to a crime. *Hoag v. State,* 728 S.W.2d 375, 380 (Tex.Crim.App.1987); *Daniels v. State,* 718 S.W.2d 702, 705 (Tex.Crim.App.1986).

■ In the case on appeal, Descamps did not stop Starlling's automobile. Starlling had pulled into a parking lot, stopped and got out of his car. At the same time, Descamps stopped his police vehicle, approached Starlling and asked to see his driver's license. We hold that at the time of the approach, Descamps had reasonable, articulable suspicion that a crime had been committed which would have justified a brief investigatory detention. Descamps had obtained the information from Officer Williams that Williams had received from the confidential informant. Descamps was told that a black man by the name of Grady Starlling had burglarized a home, had two rifles in his trunk, and some jewelry in the front of the car. He had been given the description of Starlling's automobile and the license plate number, and told that Starlling was presently located at a cafe and bar on the corner of Hattie and Calhoun Streets with a pistol in his right, rear pocket. The man Descamps approached matched Starlling's description; this, plus the description of the auto and the fact that Starlling's right pocket was turned inside out, corroborated the confidential informant's information. *See Almendarez v. State,* 460 S.W.2d 921, 922 (Tex.Crim.App. 1970), *cert. denied,* 402 U.S. 974, 91 S.Ct. 1663, 29 L.Ed.2d 139 (1970). The brief investigatory detention was lawful.

■ Next, we must determine whether the subsequent seizure of evidence was lawful. Texas search and seizure law must be interpreted in total and complete harmony with the United States Supreme Court's

fourth amendment decisions. *Brown v. State,* 657 S.W.2d 797, 799 (Tex.Crim.App. 1983). Where an officer has lawfully detained a suspect for the purpose of investigation, he may conduct a limited search for weapons where it is reasonably warranted for his safety or the safety of others. *Terry,* 392 U.S. at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 909. When an officer has temporarily detained the driver of a car, the officer may search the passenger compartment of the automobile where a weapon may be hidden, if he has a reasonable belief that the suspect is dangerous and may gain access to a weapon. *Michigan v. Long,* 463 U.S. 1032, 1049, 103 S.Ct. 3469, 3481, 77 L.Ed.2d 1201, 1220 (1983); *Hoag,* 729 S.W.2d at 380.

When Descamps approached Starlling, who was standing near his car with the driver's door open, Descamps saw what appeared to be a black holster underneath the driver's seat. He pulled the holster from underneath the seat and discovered that it contained a .38 derringer.

■ The State argues that Descamps possessed reasonable belief that Starlling was potentially dangerous to him. Descamps had been informed that Starlling had a pistol in his right rear pocket. Descamps noticed when he asked Starlling for identification, that Starlling's right rear pocket was turned inside out. Starlling was then standing near his car with the driver's door open. Further, Descamps had been informed that two rifles were in the trunk of Starlling's car. We hold these facts sufficient to support a reasonable belief that Starlling might gain access to a weapon and was potentially dangerous to Descamps. *See Garcia v. State,* 649 S.W. 2d 697, 698 (Tex.App.—San Antonio 1983, no pet.); *Campbell v. State,* 644 S.W.2d 154, 160–61 (Tex.App.—Austin 1982, pet. ref'd), 647 S.W.2d 660.

Not only was the search and seizure of the holster lawful as incident to an investigative detention, it also was justified under the "plain view" doctrine. As the United States Supreme Court noted in *Texas v. Brown,* 460 U.S. 730, 740, 103 S.Ct. 1535, 1542, 75 L.Ed.2d 502, 512–13 (1983):

[T]he fact that [the Fort Worth Police Department Officer] 'changed [his] position' and 'bent down at an angle so [he] could see what was inside' Brown's car is irrelevant to Fourth Amendment analysis. The general public could peer into the interior of Brown's automobile from any number of angles; there is no reason [the officer] should be precluded from observing as an officer what would be entirely visible to him as a private citizen.

*Id.*

■ The warrantless search and seizure by police of items within "plain view" may be reasonable if three circumstances are satisfied: 1) the officers must lawfully be on the premises; 2) the discovery of the incriminating evidence is "inadvertent;" and 3) it is immediately apparent that the incriminating evidence is seizable as evidence of a crime. *See Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *White v. State,* 729 S.W.2d 737, 739, 741 (Tex.Crim.App.1987). Probable cause is required to invoke the "plain view" doctrine. *Arizona v. Hicks,* 480 U.S. ——, 107 S.Ct. 1149, 1153, 94 L.Ed.2d 347 (1987).

■ The three prongs of the *Coolidge* test were satisfied in this case. First, Descamps was lawfully on the premises. As we previously noted, Descamps could search the passenger compartment of Starlling's car pursuant to a temporary detention as he had a reasonable belief that Starlling was dangerous and could gain access to a weapon. Second, the discovery of the incriminating evidence, the derringer, was inadvertent. The holster of the gun protruded from underneath the driver's seat in plain view. We can find no evidence that Descamps conducted a systematic, exploratory search for the gun. Finally, it was immediately apparent to Descamps that the property discovered and seized was evidence of a crime. Descamps found that the holster contained a two-shot .38 caliber derringer. Possession of such a weapon, readily accessible within an automobile away from one's residence, is, without more, unlawful. *See* TEX.PENAL CODE ANN. sec. 46.02 (Vernon 1974). Descamps then arrested Starlling for unlawfully carrying a weapon and made an inventory search of his car, finding the fruits of the burglary.

Starlling nevertheless argues that his warrantless arrest was illegal under article 14.04 of the Texas Code of Criminal Procedure because there was no evidence that he intended to escape. This argument is based upon the presumption he was arrested solely upon suspicion of burglary. The State contends that Starlling's arrest was justified pursuant to Texas Code of Criminal Procedure article 14.01, because the evidence showed Starlling committed the offense of unlawfully carrying a weapon and that the offense was committed in the presence of Descamps. We agree with the State's analysis.

■ A police officer may arrest an offender without a warrant only if probable cause existed to arrest that person and the arrest falls within one of the exceptions specified in the Texas Code of Criminal Procedure articles 14.01 through 14.04. *Lunde v. State,* 736 S.W.2d 665, 666 (Tex. Crim.App.1987). The arrest, to be valid, must come within the statutory exception to the general warrant requirement set out in the Texas Code of Criminal Procedure article 14.01(b) (Vernon 1977). Article 14.-01 provides in pertinent part:

(b) A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.

*Id.* The test for probable cause for a warrantless arrest is:

Whether at that moment the facts and circumstances within the officer's knowledge and of which (he) had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the (arrested person) *had committed or was committing an offense.* [Emphasis in original].

*Lunde,* 736 S.W.2d at 667 (citing *Beck v. Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Britton v. State,* 578 S.W.2d 685 (Tex.Crim.App. [Panel Op.] 1978). Descamps possessed probable cause to believe

that Starlling had committed an offense because Starlling unlawfully possessed a weapon, a derringer, in violation of Texas Penal Code section 46.02 in Descamps' presence. We hold therefore, that Descamps made a valid warrantless arrest. The question remains whether the subsequent search of the trunk of the car was legal.

■■■ The State contends that appellant did not argue that the search incident to the arrest and the subsequent inventory search were improper, and therefore, this court should overrule both points of error. However, the State is mistaken. Appellant argues on appeal that although the police justified the search as an inventory search, no inventory list was ever presented. The burden of proving a proper inventory search is on the State. *Delgado v. State,* 718 S.W.2d 718, 721 (Tex.Crim.App.1986). Presumptively, appellant is arguing the police used an "inventory" search to cover up an otherwise illegal search and seizure for evidence of the burglary.

■■■ Inventory searches conducted pursuant to standard police procedures are reasonable. The purposes of an inventory are to protect the owner's property while it remains in police custody, to protect the police against claims or disputes over lost or stolen property, and to protect the police from potential dangers. *See South Dakota v. Opperman,* 428 U.S. 364, 369, 96 S.Ct. 3092, 3097, 49 L.Ed.2d 1000, 1005 (1976). A car can be validly impounded and inventoried where the driver is removed from his automobile and placed under custodial arrest and no other alternatives are available other than impoundment to insure the protection of the vehicle. *Delgado v. State,* 718 S.W.2d at 721. At the motion to suppress hearing, Officer Descamps explained his search of Starlling's trunk as an inventory search to place Starlling's property in safekeeping. The stolen property was found in the trunk of the car. The police then impounded the car.

■■■ Starlling's car was parked in front of a bar and restaurant in downtown Fort Worth. The driver was under arrest and no other person was available to take cus-

tody of the car; therefore, impoundment was necessary to secure protection of the vehicle. Descamps testified that the items seized from the car were taken to the police property room, sealed and tagged. We hold that the warrantless search, conducted according to the officer's testimony for the purpose of an inventory, was valid. There was no other evidence to contradict the testimony of the police officer, and we will not presume wrongdoing in the absence of any evidence of the same. The court did not err in admitting the evidence seized from the trunk of the car.

As appellant's arrest was legal, the trial court did not err in denying his motion to suppress his statement. Appellant's fourth point of error is overruled. As the items seized from the trunk of Starlling's automobile were seized lawfully pursuant to an inventory search, they were properly admitted into evidence. Appellant's fifth point of error is overruled.

We affirm.