Gregory Joseph **GIOSSI**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 3–91–495–CR.

Court of Appeals of Texas,
Austin.

May 27, 1992.

Opinion on Motion for Rehearing
July 1, 1992.

Rehearing Denied July 8, 1992.

---

James M. Pape, San Marcos, for appellant.

Allison Wetzel, Asst. Dist. Atty., Austin, for appellee.

Before POWERS, JONES and KIDD, JJ.

PER CURIAM.

After his pretrial motion to suppress evidence was overruled, appellant pleaded guilty to possessing more than four ounces but less than five pounds of marihuana. Controlled Substances Act, Tex. Health & Safety Code Ann. § 481.121 (Pamph.1992). Pursuant to a plea bargain agreement, the district court assessed punishment at imprisonment for ten years and a $1000 fine, but suspended imposition of punishment and placed appellant on probation. In his notice of appeal, appellant properly preserved for review the overruling of his motion to suppress. Tex.R.App.P. 40(b)(1) (Pamph.1992); *Jones v. State*, 796 S.W.2d 183, 186–87 (Tex.Crim.App.1990); *Berger v. State*, 780 S.W.2d 321, 323 (Tex.App.1989, no pet.).

Shortly after noon on October 31, 1990, Austin police officer Donald Mayes received an anonymous telephone call. The caller told the officer that a white man was sitting in a red Toyota pickup truck, license number 6852 GU, in a parking lot at an Austin shopping center. The caller said she saw this man give a plastic bag to another person in exchange for cash. The caller did not see the contents of the bag or know the amount of money the man received. The caller said that she saw other plastic bags in a briefcase, and suspected that the man in the truck was selling drugs. Mayes testified that it is common for drug dealers to operate out of vehicles in parking lots.

Three Austin police officers responded to Mayes' radio dispatch reporting the suspect vehicle and possible drug transaction. These officers found the described pickup truck parked in the reported location. The truck was occupied by appellant, a white man. Appellant was ordered to exit the truck and step to the rear, where he was frisked. No drugs or weapons were found

on appellant's person. Appellant was asked for identification, which he provided. Appellant refused the officers' request for permission to search the truck.

One officer, Martin Limon, looked inside the truck through the open door. He saw a knife he believed was illegal (the officer described it as a "Rambo knife") in a sheath on the floor of the truck. Limon seized the knife, which proved to have a blade exceeding five and one-half inches in length, and appellant was arrested for unlawfully carrying a weapon.

The officers searched the truck incident to appellant's arrest. Behind the seat, Limon found a tote bag containing marihuana and a loose marihuana cigarette. Two "stun guns" and $500 in cash were also found in the truck. An additional $1500 was found in appellant's back pocket.

In his motion to suppress, appellant urged that the warrantless searches of his person and his pickup violated the Fourth Amendment to the United States Constitution and art. I, § 9 of the Texas Constitution, and that the evidence seized during these searches was therefore inadmissible. Tex.Code Crim.Proc.Ann. art. 38.23 (Supp. 1992). We agree.

■ There is no doubt that appellant was detained by the police when he was ordered out of the pickup truck and asked to identify himself. *Johnson v. State*, 658 S.W.2d 623, 626 (Tex.Crim.App.1983). A police officer may detain a person for investigatory purposes if, based on the totality of the circumstances, the officer has a particularized and objective basis for suspecting the person detained of criminal activity. *United States v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). To justify such a detention, a police officer must have specific articulable facts which, in light of the officer's experience and personal knowledge, together with other inferences from those facts, reasonably warrant the intrusion on the freedom of the person detained. Where the facts are as consistent with innocent activity as with criminal activity, a detention based on those facts is unlawful. *Johnson*, 658 S.W.2d at 626;

*Conner v. State*, 712 S.W.2d 259, 262 (Tex. App.1986, pet. ref'd).

■ An anonymous telephone call usually will justify the initiation of a police investigation. *Clemons v. State*, 605 S.W.2d 567, 570 (Tex.Crim.App.1980); *Davis v. State*, 794 S.W.2d 123, 125 (Tex.App.1990, pet. ref'd). But an anonymous tip standing alone rarely will establish the requisite level of suspicion necessary to justify an investigative detention. *Alabama v. White*, 496 U.S. 325, 329, 110 S.Ct. 2412, 2415, 110 L.Ed.2d 301, 308 (1990). There must be some further indicia of reliability; some additional facts from which a police officer may reasonably conclude that the tip is reliable and a detention is justified. *Id.; Davis*, 794 S.W.2d at 125.

■ The State urges that the reliability of the anonymous informer was established by the corroboration of the details contained in the tip. The State notes that the police found appellant exactly where the informer said he would be, and that both appellant and his truck fit the description supplied by the informer. But as appellant correctly points out, these details were apparent to anyone who happened to be in the shopping center parking lot on the afternoon in question, and their corroboration added little to the informer's credibility. *Rojas v. State*, 797 S.W.2d 41, 44 (Tex. Crim.App.1990); *Conner*, 712 S.W.2d at 262.

Even if the credibility of the anonymous caller is conceded, the information she provided was as consistent with innocent activity as with criminal activity. The caller did not see the contents of the plastic bag or know the amount of money appellant received for it. Although it is common knowledge that controlled substances are often packaged in plastic bags, such bags are designed and used to hold all sorts of things. *See Davis v. State*, 829 S.W.2d 218 at 221 n. 5 (Tex.Crim.App.1992) (that officer was investigating reported narcotics sale did not warrant opening matchbox). Further, the time and place in question were not indicative of criminal activity. One officer testified that drug dealers commonly sell their wares in parking lots, but

there was no testimony that this particular parking lot was known for such activity, and it is safe to say that most people found in shopping center parking lots during the middle of the day are there for lawful reasons. Finally, before detaining appellant, the police officers did not see him commit an unlawful act or engage in any activity indicating that he was selling drugs in the parking lot that afternoon. *Cf. Texas v. Brown,* 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) (officer's training, experience, and other observations gave him reason to believe tied-off balloon contained narcotics).

The State cites the opinions in four cases it says are factually similar to this cause and in which an informer's tip was held to justify an investigatory detention: *Ramirez v. State,* 658 S.W.2d 808 (Tex.App. 1983), *aff'd,* 672 S.W.2d 480 (Tex.Crim.App. 1984); *Doyle v. State,* 779 S.W.2d 492 (Tex. App.1989, no pet.); *Starlling v. State,* 743 S.W.2d 767 (Tex.App.1988, no pet.); and *Davis,* 794 S.W.2d 123. We find each to be distinguishable. In *Ramirez,* the tip that a man was carrying a pistol in a bar was corroborated by the officer's observation of a bulge in the defendant's pocket. In *Doyle,* the informer's tip contained details relating to the future actions of third parties that proved accurate. *See Alabama v. White,* 496 U.S. at 332, 110 S.Ct. at 2417, 110 L.Ed.2d at 310; *Rojas,* 797 S.W.2d at 44. In *Starlling,* the tip came from a known informer who had given the police accurate information several times in the past. In *Davis,* the time and place, the defendant's suspicious movements, and the informer's tip gave the officer a particularized and objective reason to suspect unlawful activity.

The facts in this cause are analogous to those in *Salcido v. State,* 758 S.W.2d 261 (Tex.Crim.App.1988). In *Salcido,* a police officer received a telephoned tip from an informer of unknown reliability that the defendant was "selling fixes" at a car wash. The officer drove to the specified location and watched the defendant for twenty minutes, during which time he did not observe any unlawful act. The officer returned to the police station and reported his activities to his chief. The officer, the chief, and two other officers then went back to the car wash. The chief approached the defendant, told him that he was suspected of selling heroin, and asked him to get out of the car. The defendant got out of his car and began to run, throwing away ten foils containing heroin as he did so. The issue before the Court of Criminal Appeals was whether the defendant had abandoned the contraband and therefore lacked standing to complain of its seizure. The court wrote:

> In the instant case, the officers had neither a warrant nor probable cause to arrest or search nor any reasonable suspicion based upon articulable facts to justify a temporary investigative detention of the appellant. Yet uniformed Chief Prewit approached appellant with three other officers and told appellant he was suspected of selling heroin and also told appellant to place his hands on the car and then placed his own hand on appellant's shoulder. It was then that appellant broke and ran.
>
> We hold that appellant was illegally detained without specific and articulable facts to justify the stop and that he did not voluntarily abandon the contraband in question. It was discarded as a spontaneous reaction to illegal police conduct.

758 S.W.2d at 264 (footnote omitted).

In this cause, the police detained appellant solely on the basis of the unsubstantiated suspicions of an anonymous telephone caller of unknown reliability. This detention was unlawful. Because the evidence appellant sought to suppress was the fruit of the unlawful detention, the motion to suppress should have been granted. *Wong Sun v. United States,* 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963); *Johnson,* 658 S.W.2d at 627; *Baldwin v. State,* 606 S.W.2d 872, 875 (Tex.Crim.App.1980); *Ebarb v. State,* 598 S.W.2d 842, 845 (Tex. Crim.App.1979).

The judgment of conviction is reversed, and the cause is remanded to the district court for a new trial.

Before POWERS, JONES and KIDD, JJ.

In its motion for rehearing, the State argues that the evidence should not be suppressed because there was an independent source of probable cause to arrest appellant and search his truck. The independent source doctrine is an exception to the court-created federal exclusionary rule. *See Murray v. United States,* 487 U.S. 533, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988); 4 Wayne R. LaFave, *Search and Seizure* § 11.4(a) (2d ed. 1987). Appellant invokes, however, the statutory exclusionary rule found in art. 38.23. It has been held that there is no independent source or inevitable discovery exception to art. 38.23. *Garcia v. State,* 829 S.W.2d 796 (Tex.Crim.App. 1992); *Oliver v. State,* 711 S.W.2d 442 (Tex.App.1986, pet. ref'd).

We also find that there is no evidentiary basis for applying the doctrine in this cause. The State relies on the following testimony by Officer Limon:

Q. And once you observed that knife did you convey that information to Officer Adams?

A. I conveyed it to Officer Pollard who was on the passenger's side of the vehicle.

Q. Did he see the knife at the same time you did?

A. Yes, sir, he did.

This is the only reference to an Officer Pollard in the statement of facts. The record does not disclose when this fourth officer arrived at the scene or how he came to be standing by appellant's truck. This testimony does not support the State's assertion that Pollard "took no part in the illegal detention of the appellant." There is no basis in the record for concluding that this officer's observations were independent of the unlawful detention of appellant.

The State's motion for rehearing is overruled.

POWERS, J., not participating.