IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 



ON MOTION FOR REHEARING


 




NO. 3-91-495-CR




GREGORY JOSEPH GIOSSI,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 0106294, HONORABLE BOB PERKINS, JUDGE


 





PER CURIAM

 In its motion for rehearing, the State argues that the evidence should not be
suppressed because there was an independent source of probable cause to arrest appellant and
search his truck. The independent source doctrine is an exception to the court-created federal
exclusionary rule. See Murray v. United States, 487 U.S. 533 (1988); 4 Wayne R. LaFave,
Search and Seizure § 11.4(a) (2d ed. 1987). Appellant invokes, however, the statutory
exclusionary rule found in art. 38.23. It has been held that there is no independent source or
inevitable discovery exception to art. 38.23. Garcia v. State, No. 945-90 (Tex. Crim. App.,
March 25, 1992); Oliver v. State, 711 S.W.2d 442 (Tex. App. 1986, pet. ref'd).

 We also find that there is no evidentiary basis for applying the doctrine in this
cause. The State relies on the following testimony by Officer Limon:



Q. And once you observed that knife did you convey that information to Officer Adams?


A. I conveyed it to Officer Pollard who was on the passenger's side of the vehicle.


Q. Did he see the knife at the same time you did?


A. Yes, sir, he did.



This is the only reference to an Officer Pollard in the statement of facts. The record does not
disclose when this fourth officer arrived at the scene or how he came to be standing by appellant's
truck. This testimony does not support the State's assertion that Pollard "took no part in the
illegal detention of the appellant." There is no basis in the record for concluding that this officer's
observations were independent of the unlawful detention of appellant.

 The State's motion for rehearing is overruled. 


[Before Justices Powers, Jones and Kidd; Justice Powers not participating]

State's Motion for Rehearing Overruled

Filed: July 1, 1992

[Publish]