TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00451-CR







Mark David Gonzales, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 94-418-K368, HONORABLE BURT CARNES, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of burglary of a vehicle. Penal Code, 63d Leg.,
R.S., ch. 399, sec. 1, § 30.04, 1973 Tex. Gen. Laws 883, 927 (Tex. Penal Code Ann. § 30.04,
since amended). The district court assessed punishment, enhanced by a previous felony
conviction, at imprisonment for twenty years.

 In four points of error, appellant complains that the district court erred by
overruling his motion to suppress evidence found in a search of his car. Our review of this
ruling, both as to the facts and the legal significance of the facts, is limited to determining whether
the court abused its discretion. Dubose v. State, 915 S.W.2d 493, 496-97 (Tex. Crim. App.
1996). 

 At approximately 3:20 a.m. on May 23, 1994, Williamson County deputy sheriff
Ralph Fisher was dispatched to investigate a report of a suspicious vehicle and a woman
screaming at an apartment complex. When he arrived at the complex a few minutes later, he saw
a man, identified as appellant, standing outside a car with three occupants. The car had been
backed into a parking space. The deputy saw no other persons in the parking lot.

 Appellant entered the car as Fisher stopped and approached on foot. The deputy
asked appellant and his companions, one man and two women, what they were doing. They said
they were visiting a friend in the apartment complex. For his own safety, Fisher asked appellant
to get out of the car, which he did. At this time, appellant told Fisher that the name of his friend
in the apartment complex was John Hernandez. When the deputy asked the other occupants of
the car, they told him the friend was named Hime (sic, probably Jaime). By this time, backup
officers had arrived at the scene. Fisher went to the apartment in which Hernandez or Hime was
said to live. Aroused from sleep, the occupant of the apartment told Fisher that no such person
lived there.

 Fisher returned to appellant's car and asked appellant for permission to search it. 
Appellant consented. During the search, the deputy found small bags of marihuana. He also
discovered a compact disc player, speakers, and a bank bag that were shown to have been stolen
from the complaining witness's automobile. In overruling the motion to suppress this evidence,
the district court concluded that "the officer had every right to be where he was and make the
investigation and got a valid consent to search."

 In points one and two, appellant contends he was unlawfully detained by Deputy
Fisher in violation of the United States and Texas constitutions. U.S. Const. amend. IV; Tex.
Const. art. I, § 9. In points three and four, appellant contends his consent to search was tainted
by the unlawful detention and therefore invalid under both constitutions. See Brick v. State, 738
S.W.2d 676, 678-81 (Tex. Crim. App. 1987); Howe v. State, 874 S.W.2d 895, 902 (Tex.
App.--Austin 1994, no pet.). In support of his state constitutional contentions, appellant urges this
Court "to find, as a matter of law, that, in this case, Article I, § 9 of the Texas Constitution
provides broader protection for Texas residents." Appellant presents no supporting argument and
the only authority he cites is a dissenting opinion. We find these points to be inadequately
briefed. Morehead v. State, 807 S.W.2d 577, 579 n.1 (Tex. Crim. App. 1991). Points of error
two and four are therefore overruled.

 A police officer needs no constitutional justification to approach and question a
person in a public place. Johnson v. State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995); Howe,
874 S.W.2d at 899. Appellant acknowledges this and does not argue that Fisher's initial contact
with him was unlawful. Appellant asserts, however, that his encounter with Fisher had escalated
into a seizure subject to the Fourth Amendment by the time he was asked to consent to the search
of his automobile. Fisher testified at the suppression hearing that appellant was free to leave at
any time, but later admitted during cross-examination that appellant was not free to leave after he
went to the apartment to look for John Hernandez. We will assume for the purpose of this
opinion that appellant was detained for investigation at the time he consented to the search.

 An officer may detain a person for investigatory purposes if, based on the totality
of the circumstances, the officer has a particularized and objective basis for suspecting the person
detained of criminal activity. United States v. Cortez, 449 U.S. 411, 417-18 (1981); Giossi v.
State, 831 S.W.2d 887, 889 (Tex. App.--Austin 1992, pet. ref'd). The officer must have specific
articulable facts which, in light of the officer's experience and personal knowledge, together with
other inferences from those facts, reasonably warrant the intrusion on the freedom of the person
detained. Johnson v. State, 658 S.W.2d 623, 626 (Tex. Crim. App. 1983); Giossi, 831 S.W.2d
at 899. 

 Appellant and his companions were the only persons to be found in an apartment
parking lot in which a suspicious vehicle and scream had been reported. Unlike the other cars in
the lot, appellant's car had been backed into a parking space. Appellant and the others said they
were visiting a friend, but this explanation for their presence was belied by the time (3:30 a.m.)
and by their confusion regarding the friend's name. Whatever his name, the friend was not in the
apartment indicated by appellant. From these facts and the inferences they support, Fisher could
reasonably suspect that appellant and his companions were involved in criminal activity and
lawfully detain them for further investigation. That Fisher suspected criminal misconduct
generally, and not a specific offense, did not invalidate the detention. 

 Because the detention was lawful, appellant's concededly voluntary consent to
search was untainted. The district court did not abuse its discretion by overruling the motion to
suppress. Points of error one and three are overruled.

 In a final point of error, appellant contends the district court erroneously admitted
letters written by appellant to Ruby Reyes, one of the occupants of appellant's car, following their
arrest. Like appellant's other companions, Reyes pleaded guilty to burglary of a vehicle before
appellant's trial. In the letters, appellant repeatedly urged Reyes to tell the authorities a false story
that would exculpate him. Appellant argues that the letters were not adequately authenticated. 
Tex. R. Crim. Evid. 901.

 Reyes testified outside the jury's presence that she was familiar with appellant's
handwriting, both cursive and printed. She stated that she had received short notes from appellant
before the incident in question and had also seen documents written by appellant at his place of
employment. She admitted, however, that she had seen appellant actually write only once, when
he wrote his name and pager number on a piece of paper. Appellant urges that Reyes had "a mere
scintilla of familiarity" with appellant's handwriting, which he claims is not enough under rule
901(b)(2). He concedes that he has no authority to support this argument. Appellant has not
shown that the court abused its discretion in finding that the letters were properly authenticated. 
Point of error five is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: November 20, 1996

Do Not Publish



a dissenting opinion. We find these points to be inadequately
briefed. Morehead v. State, 807 S.W.2d 577, 579 n.1 (Tex. Crim. App. 1991). Points of error
two and four are therefore overruled.

 A police officer needs no constitutional justification to approach and question a
person in a public place. Johnson v. State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995); Howe,
874 S.W.2d at 899. Appellant acknowledges this and does not argue that Fisher's initial contact
with him was unlawful. Appellant asserts, however, that his encounter with Fisher had escalated
into a seizure subject to the Fourth Amendment by the time he was asked to consent to the search
of his automobile. Fisher testified at the suppression hearing that appellant was free to leave at
any time, but later admitted during cross-examination that appellant was not free to leave after he
went to the apartment to look for John Hernandez. We will assume for the purpose of this
opinion that appellant was detained for investigation at the time he consented to the search.

 An officer may detain a person for investigatory purposes if, based on the totality
of the circumstances, the officer has a particularized and objective basis for suspecting the person
detained of criminal activity. United States v. Cortez, 449 U.S. 411, 417-18 (1981); Giossi v.
State, 831 S.W.2d 887, 889 (Tex. App.--Austin 1992, pet. ref'd). The officer must have specific
articulable facts which, in light of the officer's experience and personal knowledge, together with
other inferences from those facts, reasonably warrant the intrusion on the freedom of the person
detained. Johnson v. State, 658 S.W.2d 623, 626 (Tex. Crim. App. 1983); Giossi, 831 S.W.2d
at 899. 

 Appellant and his companions were the only persons to be found in an apartment
parking lot in which a suspicious vehicle and scream had been reported. Unlike the other cars in
the lot, appellant's car had been backed into a parking space. Appellant and the others said they
were visiting a friend, but this explanation for their presence was belied by the time (3:30 a.m.)
and by their confusion regarding the friend's name. Whatever his name, the friend was not in the
apartment indicated by appellant. From these facts and the inferences they support, Fisher could
reasonably suspect that appellant and his companions were involved in criminal activity and
lawfully detain them for further investigation. That Fisher suspected criminal misconduct
generally, and not a specific offense, did not invalidate the detention. 

 Because the detention was lawful, appellant's concededly voluntary consent to
search was untainted. The district court did not abuse its discretion by overruling the motion to
suppress. Points of error one and three are overruled.

 In a final point of error, appellant contends the district court erroneously admitted
letters written by appellant to Ruby Reyes, one of the occupants of appellant's car, following their
arrest. Like appellant's other companions, Reyes pleaded guilty to burglary of a vehicle before
appellant's trial. In the letters, appellant repeatedly urged Reyes to tell the authorities a false story
that would exculpate him. Appellant argues that the letters were not adequately authenticated. 
Tex. R. Crim. Evid. 901.

 Reyes testified outside the jury's presence that she was familiar with appellant's
handwriting, both cursive and printed. She stated that she had received short notes from appellant
before the incident in question and had also seen documents written by appellant at his place of
employment. She admitted, however, that she had seen appellant actually write only once, when
he wrote his name and pager number on a piece of paper. Appellant urges that Reyes had "a mere
scintilla of familiarity" with appellant's handwriting, which he claims is not enough under rule
901(b)(2). He concedes that he has no authority to support this argument. Appellant has not
shown that the court abused its discretion in finding that the letters were properly authenticated. 
Point of error five is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed