TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00384-CR







Gloria Ann Haynes, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-95-291, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING







PER CURIAM


 The district court found appellant guilty of possessing cocaine. Tex. Health & Safety Code
Ann. § 481.115(a), (b) (West Supp. 1997). The court assessed punishment at incarceration in a state jail
for two years and a $500 fine, suspended imposition of sentence, and placed appellant on community
supervision.

 On the afternoon of April 1, 1995, while on routine patrol, San Marcos police officer
Joseph Nicholson drove down a narrow, unpaved road off Riverside Drive. This trail ends at an
abandoned building, and Nicholson knew from past experience that the building was a popular spot for
drug use. On this day, Nicholson observed a parked car with several persons standing around it. These
persons fled into the nearby woods upon Nicholson's arrival. Two people remained in the car, appellant
(the driver) and Keith Haynes. Nicholson recognized Keith Haynes, who had a reputation as a drug user. 
Nicholson also knew that Haynes had been arrested for possession of cocaine one week earlier. 
Concerned for his safety, Nicholson asked appellant and Haynes to get out of the car and step to the rear. 
As appellant complied with this request, Nicholson saw her drop a marihuana bud. Haynes said, "Pretend
you didn't see that." Appellant and Haynes were subsequently handcuffed and their car searched. Among
other things, officers found the cocaine that is the subject of this prosecution.

 In two points of error, appellant contends the cocaine should have been suppressed as the
product of an unlawful arrest or detention. (1) At a suppression hearing, the trial court is the sole and
exclusive trier of fact and judge of the credibility of the witnesses, as well as the weight to be given their
testimony. Dubose v. State, 915 S.W.2d 493, 496-97 (Tex. Crim. App. 1996). The court is also the
initial arbiter of the legal significance of those facts. Id. A court of appeals limits its review of the trial
court's rulings, both as to the facts and the legal significance of those facts, to a determination of whether
the trial court abused its discretion. Id.

 Unquestionably, appellant was "seized" for constitutional purposes when she complied with
Nicholson's instruction to get out of the car and step to the rear. California v. Hodari D., 499 U.S. 621
(1991); Johnson v. State, 912 S.W.2d 227, 234-35 (Tex. Crim. App. 1995). (2) Contrary to appellant's
argument, however, this seizure did not rise to the level of an arrest. A person is arrested when she is
actually placed under restraint or taken into custody. Tex. Code Crim. Proc. Ann. art. 15.22 (West 1977). 
In the opinion relied on by appellant, the defendant was ordered out of his car at gunpoint and forced to
assume a spread-eagle position with his hands on the roof of the car. Flores v. State, 895 S.W.2d 435,
441 (Tex. App.--San Antonio 1995, no pet.). The facts in this cause are distinguishable. The district
court could reasonably conclude that the mere order to get out of her car, without more, did not place
appellant under actual restraint or custody.

 While not arrested, appellant was detained by the officer when she was ordered out of her
car. Giossi v. State, 831 S.W.2d 887, 889 (Tex. App.--Austin 1992, pet. ref'd). An officer may detain
a person for investigation if, based on the totality of the circumstances, the officer has a particularized and
objective basis for suspecting the person detained of criminal activity. Id. In this cause, the officer did not
witness an unlawful act. Nevertheless, appellant's car was parked at an abandoned building that was
known by the police to be a haven for drug use. Appellant was in the company of a known drug user who
had been arrested one week earlier for possession of cocaine. Persons who had been standing beside
appellant's car fled upon Nicholson's arrival. The district court could rationally find that these facts, and
the inferences they support, reasonably warranted appellant's detention for further investigation.

 Appellant was certainly arrested at the time she was handcuffed. Amores v. State, 816
S.W.2d 407, 411-12 (Tex. Crim. App. 1991). By then, however, the officer had seen appellant drop the
marihuana and reasonable suspicion had ripened into probable cause. Appellant does not argue to the
contrary. 

 We conclude that the district court did not abuse its discretion by overruling appellant's
motion to suppress. Points of error one and two are overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: February 27, 1997

Do Not Publish
1.   Appellant does not advance separate state and federal constitutional claims.
2.   The State mistakenly relies on Pennsylvania v. Mimms, 434 U.S. 106 (1977). In that opinion,
the Supreme Court declined to hold that whenever a police officer has occasion to speak with the driver
of a vehicle, he may order the driver out of the car. Id. at 111 n.6.



olson also knew that Haynes had been arrested for possession of cocaine one week earlier. 
Concerned for his safety, Nicholson asked appellant and Haynes to get out of the car and step to the rear. 
As appellant complied with this request, Nicholson saw her drop a marihuana bud. Haynes said, "Pretend
you didn't see that." Appellant and Haynes were subsequently handcuffed and their car searched. Among
other things, officers found the cocaine that is the subject of this prosecution.

 In two points of error, appellant contends the cocaine should have been suppressed as the
product of an unlawful arrest or detention. (1) At a suppression hearing, the trial court is the sole and
exclusive trier of fact and judge of the credibility of the witnesses, as well as the weight to be given their
testimony. Dubose v. State, 915 S.W.2d 493, 496-97 (Tex. Crim. App. 1996). The court is also the
initial arbiter of the legal significance of those facts. Id. A court of appeals limits its review of the trial
court's rulings, both as to the facts and the legal significance of those facts, to a determination of whether
the trial court abused its discretion. Id.

 Unquestionably, appellant was "seized" for constitutional purposes when she complied with
Nicholson's instruction to get out of the car and step to the rear. California v. Hodari D., 499 U.S. 621
(1991); Johnson v. State, 912 S.W.2d 227, 234-35 (Tex. Crim. App. 1995). (2) Contrary to appellant's
argument, however, this seizure did not rise to the level of an arrest. A person is arrested when she is
actually placed under restraint or taken into custody. Tex. Code Crim. Proc. Ann. art. 15.22 (West 1977). 
In the opinion relied on by appellant, the defendant was ordered out of his car at gunpoint and forced to
assume a spread-eagle position with his hands on the roof of the car. Flores v. State, 895 S.W.2d 435,
441 (Tex. App.--San Antonio 1995, no pet.). The facts in this cause are distinguishable. The district
court could reasonably conclude that the mere order to get out of her car,