TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00429-CV






In the Matter of C. R.









FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-13,896, HONORABLE JOHN K. DEITZ, JUDGE PRESIDING 






 Appellant C. R., a juvenile, appeals the trial court's judgment that he engaged in delinquent
conduct by committing the offense of evading arrest. See Tex. Fam. Code Ann. § 51.03(a)(1) (West
1996); Tex. Penal Code Ann, § 38.04 (a) (West 1994). The trial court ordered appellant committed to
the Texas Youth Commission ("TYC"). In one point of error, appellant asserts that the evidence was
insufficient to show he committed the offense of evading arrest because the evidence was insufficient to
show the officer was attempting to lawfully arrest or detain him. We will reverse the trial court's judgment.


BACKGROUND


 About 7:10 p.m., near sundown, (1) on March 18, 1996, Officers Richard Micheletti and Don
Mayes and Sergeant Jerry Fearn of the Austin Police Department saw appellant walking away from a
running vehicle stopped in the cul-de-sac on Bolles Circle near a subsidized housing project in east Austin. 
Appellant walked toward two other men standing on the sidewalk, and they huddled together as the vehicle
backed out of the cul-de-sac. As Officer Micheletti stopped his unmarked police car, the three individuals
looked at the officers and began walking away from them toward a nearby building. When Officer
Micheletti stepped out of the vehicle wearing black pants and a t-shirt with "Austin Police Street Narcotics"
in bright white letters on the front, the individuals began walking faster. They began running when he told
them, "Stop, I want to talk to you." After a foot-chase, Office Micheletti caught and arrested appellant. 
Following an adjudication hearing, the trial court found appellant had engaged in delinquent conduct by
committing the offense of evading arrest. See Tex. Fam. Code Ann. § 51.03(a)(1); Tex. Penal Code Ann,
§ 38.04 (a). The trial court ordered appellant committed to TYC; appellant appeals. 


DISCUSSION


 In his sole point of error, appellant challenges the trial court's determination that he evaded
arrest. (2) Specifically, appellant argues the evidence is insufficient to show Officer Micheletti was attempting
to lawfully arrest or detain appellant.

 Absent a showing of an abuse of discretion, we will not disturb the juvenile court's findings. 
In re C.C., 930 S.W.2d 929, 930 (Tex. App.--Austin 1996, writ denied) (citing In re J.P.O., 904
S.W.2d 695, 698 (Tex. App.--Corpus Christi 1995, writ denied)). In deciding whether the evidence is
legally sufficient, we view the evidence in the light most favorable to the finding and determine whether any
rational trier of fact could have found the elements of the requirement proven beyond a reasonable doubt. 
In re M.S.,940 S.W.2d 789, 791-92 (Tex. App.--Austin 1997, no writ); see P.L.W. v. State, 851
S.W.2d 383, 387 (Tex. App.--San Antonio 1993, no writ).

 A police officer must have a reasonable and articulable basis for suspecting criminal activity
to justify an investigatory detention. Johnson v. State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995);
Crockett v. State, 803 S.W.2d 308, 311 (Tex. Crim. App. 1991); Giossi v. State, 831 S.W.2d 887,
889 (Tex. App.--Austin 1992, pet. ref'd). The reasonable suspicion determination is based on the totality
of the circumstances. U.S. v. Sokolow, 490 U.S. 1, 9 (1989); Holladay v. State, 805 S.W.2d 464, 473
(Tex. Crim. App. 1991). "Reasonable suspicion" is "something more than an inchoate and unparticularized
suspicion or hunch," Holladay, 805 S.W.2d at 469 (quoting Sokolow, 490 U.S. at 7), but it requires less
information than is constitutionally required for probable cause to arrest. Johnson, 912 S.W.2d at 235. 
The relevant inquiry is not whether particular conduct is innocent or guilty, but the degree of suspicion that
attaches to particular types of noncriminal acts. Holladay, 805 S.W.2d at 469; see also Angulo v. State,
727 S.W.2d 276, 279 (Tex. Crim. App. 1987). At a minimum, the suspicious conduct must differ
significantly from that of innocent people under the same circumstances. Howe v. State, 874 S.W.2d 895,
901 (Tex. App.--Austin 1994, no pet.). And when the events are as consistent with innocent activity as
with criminal activity, a detention based on those events is unlawful. Johnson v. State, 658 S.W.2d 623,
626 (Tex. Crim. App. 1983); Howe, 874 S.W.2d at 901.

 Officer Micheletti testified that the area of Austin where he encountered appellant was
known as a "pretty high drug trafficking area." As he drove through the circle, he saw appellant, a black
youth, talking to someone in a stopped vehicle, then observed him walk away from the vehicle as it drove
away. He observed appellant walk toward two other black males standing on the sidewalk, and the group
then huddled together. He testified that when appellant and the two men saw his car, "they had . . . an
immediate reaction to it as being a police car" and began walking away toward a building. As Officer
Micheletti stepped out of the car, appellant and the two men began walking faster.

 Being in a high drug trafficking area, talking to persons in a vehicle near a housing complex,
huddling in a group, and walking away from unidentified police officers does not set appellant's conduct
apart from otherwise innocent conduct. See Gurrola v. State, 877 S.W.2d 300, 303 (Tex. Crim. App.
1994) (having an argument in a parking lot during the late afternoon in a high-crime area and then walking
away from a law enforcement officer can not be characterized as flight and can not give rise to reasonable
suspicion). Conduct that does not sufficiently set a person apart from innocent persons under the same
circumstances does not, alone, create reasonable suspicion; an officer must have facts increasing the
likelihood of criminal conduct. State v. Shamsie, 940 S.W.2d 223, 228 (Tex. App.--Austin 1997, no
pet.). The officers saw nothing exchanged between appellant and the person in the vehicle; they saw
nothing in appellant's hands or pockets; they saw no money out or anything thrown away; and Officer
Micheletti testified that he did not recognize appellant as someone he had arrested before. Indeed, the
record failed to reveal any evidence suggesting any illegal activity occurred. Considering the totality of the
surrounding circumstances and even taking the facts in the light most favorable to the trial court's ruling, the
record does not reflect that Officer Micheletti possessed sufficient articulable facts to warrant appellant's
detention; appellant's actions were as consistent with innocent activity as criminal activity and there existed
no specific articulable facts indicating appellant's activity was related to a crime. The trial court, therefore,
abused its discretion in finding that Officer Micheletti was attempting to lawfully arrest or detain appellant.

 Because there is insufficient evidence to support a finding that Officer Micheletti was
attempting to lawfully detain or arrest appellant, the State failed to prove appellant intentionally fled from
a person he knew was a peace officer attempting lawfully to arrest or detain him. See Tex. Penal Code
Ann. § 38.04(a). The evidence is, therefore, insufficient to support a finding that appellant engaged in
delinquent conduct by committing the offense of evading arrest or detention. We therefore sustain
appellant's point of error and reverse the trial court's judgment and render judgment in favor of appellant.



 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Reversed and Rendered

Filed: June 26, 1997

Do Not Publish
1. The record indicates that it was dark enough outside for the officers and the other vehicle to have
headlights on. 
2. A person commits the offense of evading arrest or detention if he "intentionally flees from a person
he knows is a peace officer attempting lawfully to arrest or detain him." Tex. Penal Code Ann. § 38.04(a). 




M>, 805 S.W.2d at 469 (