**Russell Leslie WALLACE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 12–93–00294–CR.

Court of Appeals of Texas, Tyler.

June 30, 1995.

Discretionary Review Refused Jan. 10, 1996.

520

William M. House, Jr., Palestine, for appellant.

Randy Sikes and D. Paul Stafford, Palestine, for appellee.

HADDEN, Judge.

Appellant Russell Leslie Wallace was convicted by a jury for the offense of possession of a controlled substance and sentenced to 70 years confinement in the Texas Department of Criminal Justice–Institutional Division. He raises three points of error on appeal. We will affirm.

In his first point of error, Appellant contends that the trial court erred in overruling his motion to suppress. Specifically, he claims that the police had no probable cause to stop and search the vehicle in which he was travelling since the information provided

by an anonymous caller was not sufficiently reliable. We disagree.

At a suppression hearing, the trial court is the sole trier of fact, and, as such, may believe or disbelieve any part of any witness' testimony. *Taylor v. State*, 604 S.W.2d 175, 177 (Tex.Cr.App. [Panel Op.] 1980); *see Gibbs v. State*, 819 S.W.2d 821, 830–31 (Tex.Cr.App.1991), *cert. denied*, 502 U.S. 1107, 112 S.Ct. 1205, 117 L.Ed.2d 444 (1992); *Segura v. State*, 826 S.W.2d 178, 181 (Tex.App.—Dallas 1992, pet. ref'd). A trial court's ruling on a motion to suppress will not be set aside absent a showing of abuse of discretion. *Maddox v. State*, 682 S.W.2d 563, 564 (Tex.Cr.App.1985); *Santos v. State*, 822 S.W.2d 338, 339 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); *see Werner v. State*, 711 S.W.2d 639, 643 (Tex.Cr.App.1986). To determine whether the trial court abused its discretion, the evidence is viewed in the light most favorable to the ruling. *Mitchell v. State*, 831 S.W.2d 829, 831 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

In reviewing the validity of a warrantless search, the appellate court considers the evidence developed at the pretrial suppression hearing and the evidence developed in greater detail at trial. *McDole v. State*, 579 S.W.2d 7, 8 (Tex.Cr.App.1979); *Saenz v. State*, 670 S.W.2d 667, 671 n. 3 (Tex.App.—Corpus Christi 1984, pet. ref'd); *see also, Webb v. State*, 760 S.W.2d 263, 272 n. 13 (Tex.Cr.App.1988), *cert. denied*, 491 U.S. 910, 109 S.Ct. 3202, 105 L.Ed.2d 709 (1989); *Hardesty v. State*, 667 S.W.2d 130, 133 n. 6 (Tex.Cr.App.1984). If the entire record supports the trial court's findings, the appellate court is not at liberty to disturb them. *Santos*, 822 S.W.2d at 339.

A review of the evidence, presented at both the hearing on Appellant's motion to suppress and at trial, reveals that Officer William Bird of the Galveston County Narcotics Task Force received an anonymous phone call at 11:30 A.M. on August 16, 1991, stating that Appellant would be transporting at least four ounces of cocaine to the Taylor ranch outside Palestine. The caller stated that Appellant would be driving a red Dodge Ram pick-up, bearing Texas license plate number 809–5UW, and would be leaving

from Wallace Auto Sales in Texas City within the hour, possibly with one passenger. He further stated that Appellant would be driving to Palestine on Interstate Highway 45, and that he might stop in Houston where he could obtain the cocaine if he did not already have it.

Bird communicated the information to Officer Mike Tollett, who then contacted the Department of Public Safety ("DPS") and relayed the information to Officer Steven Slater. Slater and another officer drove to Wallace Auto Sales in Texas City, but were unable to locate the pick-up.

Slater then contacted DPS Sergeant Jerry Powell in Palestine. He advised Powell that Appellant left Texas City between 11:00 A.M. and 1:00 P.M., and would be travelling to a ranch outside of Palestine. Powell had been previously stationed in Texas City and was aware of Appellant and his reputation for trafficking illegal drugs. In February 1991, Powell assisted the Galveston Narcotics Force in surveillance of a ranch owned by Thomas Gene Taylor outside Palestine. That surveillance had been conducted based upon information indicating that Appellant was to deliver several ounces of cocaine to Taylor at that ranch.

Powell also knew that Taylor was a drug trafficker who had been convicted for drug violations in Galveston County. Powell had participated in an investigation of Powell which resulted in Taylor's 1980 conviction for possession of a controlled substance.

Once Powell received the information from Slater, he obtained a registration check on the pick-up. The license was registered to a 1990 Dodge pickup owned by Tom Taylor of Palestine, Texas. Powell knew where Taylor's ranch was located, and drove an unmarked vehicle to an area near its entrance. He was accompanied by a marked vehicle driven by Sergeants Randy McDaniel and Gary Todd. They waited for Appellant's arrival.

At 2:53 P.M., Powell received a radio message from McDaniel that the pick-up was traveling on Highway 79 toward Palestine. McDaniel and Todd stopped the truck one mile west of the entrance of the Taylor ranch. The driver was identified as Appellant, and the passenger was identified as Mark Rice, both of Texas City. Powell conducted a warrantless search of the vehicle and found two sacks in plain view on the front passenger floor board. The sacks contained six ounces of cocaine, valued at approximately $6,000. Appellant's fingerprints were later found on one of the sacks. The officers also searched Appellant and found $780 in cash in his front pocket. Both Appellant and Rice were arrested at the scene.

Appellant claims that the search of the truck was not supported by probable cause, and that the evidence obtained as a result of the search should be suppressed. The State argues that the officers had sufficient probable cause to believe that the truck contained the cocaine. The issue is whether, based on the information received from the anonymous phone call coupled with other information, the officers had sufficient probable cause to stop the truck and conduct a search of the vehicle.

 The standard for determining probable cause based on an informant's tip is set forth in *Illinois v. Gates,* 462 U.S. 213, 239–40, 103 S.Ct. 2317, 2332–33, 76 L.Ed.2d 527 (1983). Under *Gates,* we are to review the "totality of the circumstances" to determine whether probable cause exists. *Id.* Corroboration of the details of an informant's tip by independent police work is one relevant consideration in the totality of the circumstances. *Gates,* 462 U.S. at 241–42, 103 S.Ct. at 2333–34; *Villegas v. State,* 871 S.W.2d 894, 898 (Tex.App.—Houston [1st Dist.] 1994, pet. filed). A police officer's prior knowledge is a relevant factor in determining probable cause. *See Lunde v. State,* 736 S.W.2d 665, 667 (Tex.Cr.App.1987); *Vasquez v. State,* 699 S.W.2d 294, 295–96 (Tex.App.—Houston [14th Dist.] 1985, no pet.). The officer's experience in the field of narcotics investigation may also be considered. *See Lunde,* 736 S.W.2d at 667; *Kite v. State,* 788 S.W.2d 403, 410 (Tex.App.—Houston [1st Dist.] 1990, no pet.); *Rodriguez v. State,* 775 S.W.2d 27, 30 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd).

In this case, the officers received the tip from an anonymous caller who provided the following personal information:

(1) Appellant would be driving a red Dodge Ram pick-up with a license number 809-5UW;

(2) he would be leaving from Wallace Auto Sales in Texas City within the hour, and might have one passenger; and,

(3) he would be transporting at least four ounces of cocaine via Interstate Highway 45 to the Taylor ranch outside Palestine.

Based on this information, the officers attempted to intercept Appellant at the car lot. When this effort was unsuccessful, the officers notified Officer Powell in Palestine. He and other officers then set up surveillance outside the Taylor ranch. Powell knew from his previous experience with Appellant that he had been linked with Tom Taylor to other drug investigations, and that Taylor was a convicted drug offender. Powell also checked the license plate of the suspected vehicle and verified that the truck belonged to Taylor. During the surveillance, the officers observed Appellant driving directly to the Taylor ranch in the red truck with one passenger. He was stopped one mile outside the ranch. The only facts that the officers were not able to independently confirm prior to the search of the vehicle were Appellant's point of origin, and whether the truck actually contained the cocaine.

Appellant argues that the warrantless search of the vehicle was improper since the information received in the anonymous phone call was not sufficiently corroborated. In support of his argument, Appellant relies upon *Rojas v. State*, 797 S.W.2d 41 (Tex.Cr. App.1990), and *Giossi v. State*, 831 S.W.2d 887 (Tex.App.—Austin 1992, pet. ref'd).

In *Rojas*, the anonymous informant told the police that he had been advised that a vehicle belonging to the defendant, and which might be driven by him, contained a quantity of marijuana in the trunk. *Rojas*, 797 S.W.2d at 42. The informant described the vehicle, and stated that it would be at a specific church and cemetery for a funeral. *Id.* The officers located the vehicle at the church, and followed it until the driver, Shel-

ly Ashlock, stopped at a convenience store. *Id.* Marijuana was found in the trunk, and was admitted at trial over the defendant's motion to suppress. *Id.* The Court of Criminal Appeals held that the trial court erred in admitting the fruits of the search based on the anonymous tip since the "totality of the circumstances" test was not met. *Id.* at 44. The Court stated that its holding was based upon the informant's lack of *personal or special* knowledge of the events, and the fact that the defendant was never seen; therefore, no additional facts established probable cause. *Id.*

In *Giossi*, the informant told the police that a white man was sitting in a red Toyota pickup, license number 6852 GU, in the parking lot of an Austin shopping center. *Giossi*, 831 S.W.2d at 888. The caller stated that she saw the man give a plastic bag to another person in exchange for money. *Id.* She did not see the contents of the bag, but stated that she saw other plastic bags in a briefcase and suspected that the man was selling drugs. *Id.* Officers approached the truck and found a tote bag containing marijuana behind the seat. *Id.* The court of appeals held that the warrantless search was improper since the reliability of the informant was not established by the corroboration of the details contained in the tip. *Id.* at 889. The court noted that the details of the defendant's location and the description of the truck would be apparent to anyone in the shopping center, and that the information provided by the informant was as consistent with innocent activity as criminal activity since she could not see or identify the contents of the bags. *Id.*

The instant case is distinguishable from both *Rojas* and *Giossi* in several respects. First, the knowledge possessed by the informant was personal, not secondhand. Second, the informant's tip was substantiated when Appellant *himself* was found in the described vehicle with the cocaine in close proximity. Third, the informant's tip contained details of future actions of Appellant, including the time of his trip and his destination, which proved to be accurate. Fourth, the informant knew the approximate amount and identity of the controlled substance which

Appellant would be transporting. Based on this evidence, we hold that the information received from the anonymous call, corroborated by independent police investigation and prior knowledge of Appellant, provided the police with sufficient probable cause to stop the vehicle and conduct the search. The information satisfies the "totality of the circumstances" test set forth in *Illinois v. Gates*, and the trial court did not abuse its discretion in overruling Appellant's motion to suppress. Point one is overruled.

In his second point of error, Appellant claims that the evidence is insufficient to support his conviction. Appellant specifically claims that the State failed to prove that he intentionally and knowingly possessed a controlled substance. Appellant testified that he did not know that the cocaine was present, nor did the truck belong to him. He claimed he never saw the paper bags in the floorboard of the vehicle until Officer Powell removed them.

■ In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Cr.App.1989). In this process, a jury may reject evidence and testimony that suggests innocence. The trier of fact is the sole judge of the witnesses' credibility and can believe all or any part of the testimony. *Williams v. State*, 692 S.W.2d 671, 676 (Tex.Cr.App.1984). The fact-finder need not believe even uncontro-

verted testimony. *Johnson v. State*, 571 S.W.2d 170, 173 (Tex.Cr.App. [Panel op.] 1978).

■ To establish the unlawful possession of a controlled substance, the State must prove that the defendant *knowingly or intentionally* exercised care, control, or management over the contraband. *Cude v. State*, 716 S.W.2d 46, 47 (Tex.Cr.App.1986); TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(5), 481.002(38), 481.115(a) (Vernon 1992). The State must offer evidence that shows more than that Appellant was merely in the vicinity of a controlled substance. *Humason v. State*, 728 S.W.2d 363, 365 (Tex.Cr.App.1987).

■ To meet the *mens rea* requirement of the offense, the State must provide "affirmative links" between the accused and the contraband. Courts have identified several factors which constitute affirmative links.[1] The number of factors present is not as important as the "logical force" or the degree to which the factors, alone or in combination, tend to affirmatively link the accused to the contraband. *Gilbert v. State*, 874 S.W.2d 290 (Tex.App.—Houston [1st Dist.] 1994, n.p.h.); *Whitworth v. State*, 808 S.W.2d 566, 569 (Tex.App.—Austin 1991, pet. ref'd). For evidence of sufficient affirmative links, each case must be reviewed on its own facts. *Whitworth*, 808 S.W.2d at 569.

■ Appellant argues that the evidence fails to establish any affirmative links between himself and the cocaine. We disagree. Viewed in the light most favorable to the verdict, the evidence reveals several facts and circumstances which link Appellant to

1. Circumstances courts have considered when determining whether the State has met its burden include: 1) the defendant's ownership of the vehicle or right to possession of the place where the controlled substance was found; 2) the defendant's sole access to the vehicle; 3) defendant under the influence of narcotics when arrested; 4) defendant's presence when the search warrant executed; 5) the defendant's sole occupancy of the vehicle at the time the contraband is discovered; 6) the location of the contraband, either in the trunk of the vehicle or in the passenger compartment; 7) contraband in plain view; 8) defendant's proximity to and the accessibility of the narcotic; 9) defendant's possession of oth-
er contraband when arrested; 10) defendant's incriminating statements when arrested; 11) defendant's attempted flight; 12) defendant's furtive gestures; 13) presence of odor of the contraband; 14) presence of other contraband or drug paraphernalia, not included in the charge; 15) place drugs found was enclosed. *Williams v. State*, 906 S.W.2d 58, 65 (Tex.App.—Tyler 1995, pet. pending); *Gilbert v. State*, 874 S.W.2d 290 (Tex.App.—Houston [1st Dist.] 1994, n.p.h.); *Whitworth v. State*, 808 S.W.2d at 569; *Chavez v. State*, 769 S.W.2d 284, 288–89 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd); *Zertuche v. State*, 774 S.W.2d 697, 700–01 (Tex.App.—Corpus Christi 1989, pet ref'd).

the offense. The bags of cocaine were found on the floorboard of the truck driven by Appellant. Appellant did not own the vehicle, but had the right to its possession at the time of the search. The bags of cocaine were in plain view and were easily accessible to him. More significantly, one of the bags was found to contain Appellant's fingerprint. When considered in the light most favorable to the verdict, the evidence would allow any rational trier of fact to find that Appellant knowingly possessed the cocaine. *See e.g., Gilbert,* 874 S.W.2d at 298 (factors that may establish affirmative links include whether the contraband was: (1) in plain view; (2) conveniently accessible to accused; and (3) in a car driven by accused). Point two is overruled.

In his third point of error, Appellant argues that the trial court erred in denying his motion for mistrial following a question by the prosecutor that allegedly indicated the commission of other criminal activity by Appellant. Prior to trial, the court granted Appellant's motion in limine concerning a previous conviction for possession of cocaine. During the State's cross-examination of Appellant, the prosecutor posed the following question:

Q: Well, Mr. Wallace, have you ever been involved in drug trafficking?

Defense counsel objected, and the court convened a bench conference outside the presence of the jury. During the bench conference, the State agreed to withdraw the question. When the jury was returned to the courtroom, the court instructed the jury to disregard the question and "consider it for no effect whatsoever." Appellant's subsequent motion for mistrial was denied.

 The general rule is that any error in asking an improper question may be generally cured or rendered harmless by withdrawal of such testimony and an instruction to disregard. *Livingston v. State,* 739 S.W.2d 311, 335 (Tex.Cr.App.1987), *cert. denied,* 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988). The exception to this rule is where it appears that the question is clearly calculated to inflame the minds of the jury, and is of such character as to suggest the impossibility of withdrawing the impression produced in their minds. *Id.; Guzmon v. State,* 697 S.W.2d 404, 408 (Tex.Cr.App.1985); *Lopez v. State,* 643 S.W.2d 436, 437 (Tex.App.—Corpus Christi 1982, pet. ref'd).

 In the present case, the question about prior drug trafficking was asked, but not answered; therefore, no determination of past criminal activity was established. After a brief conference, the question was withdrawn by the State, and the jury was instructed to disregard it and consider it for no purpose. The subject of Appellant's prior record was not revisited by the State. Based on these circumstances, we hold that the question was not so extreme as to suggest the impossibility of withdrawing its impression from in their minds. The instruction to disregard was more than sufficient to cure any error. Point of error three is overruled.

The judgment of the trial court is **affirmed.**