NO. 07-06-0159-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 16, 2006
_____

CRAE ROBERT PEASE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY;

NO. 683,894; HON. BILL BENDER, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Crae Robert Pease (appellant) appeals his conviction for possessing marijuana. He contends that it should be reversed because the evidence is legally and factually insufficient to sustain it. We overrule the contentions and affirm the judgment.

*Background*

On November 3, 2004, at approximately 1:00 a.m., police officer Kelly Gutierrez observed a truck speed past her as she traveled down a street in Austin. She estimated

that the truck was traveling 80 m.p.h. in a 40 m.p.h. zone. So too did she see it drift into another lane of traffic. Gutierrez pursued the vehicle with her emergency lights and air horn engaged, but the driver (appellant) did not stop. Instead, he turned onto another street and pulled into the driveway of a house. As the officer approached the truck, a female exited from the passenger's side of it and walked towards the house. Appellant exited from the driver's side and attempted to walk away despite the officer's directives for him to stop. Due to appellant's disobedience, the officer proceeded to physically detain him. He became belligerent and smelled of alcohol. So too did he exhibit slurred speech, difficulty walking, and dilated eyes. Consequently, the officer arrested him for driving while intoxicated, reckless driving, and evading arrest.

Searching the truck incident to the arrest, the officer found a small baggy of marijuana. Containing .08 ounces of the contraband, it lay on the driver's side floorboard in plain view and within reach of the driver. Also found in the center console of the truck was a pipe containing "residue."[1] The discovery of the marijuana and pipe led to appellant's prosecution for possessing a controlled substance.

*Law and Its Application*

Appellant contends the evidence was legally and factually insufficient to show the necessary affirmative links to prove he had knowledge or control of the marijuana. The applicable standards of review are found in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (2979), *Zuniga v. State,* 144 S.W.3d 477 (Tex. Crim. App. 2004)*,*

---

[1] Of what the residue consisted went unexplained.

2

*Zuliani v. State,* 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000), and we need not repeat them.

Next, one may not be convicted of possessing a controlled substance unless he 1) exercised actual care, control, or custody of it, 2) was conscious of his connection with it, and 3) knew what it was. *Brown v. State,* 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). The courts have delineated numerous factors that are useful in deciding whether the accused's link to the contraband was more than mere fortuity and, thus, culpable. Furthermore, the number of these factors present is not as important as the degree to which they tend to affirmatively link the defendant to the contraband. *Wallace v. State,* 932 S.W.2d 519, 524 (Tex. App.–Tyler 1995, pet. ref'd). The factors tying appellant to the contraband at issue are its location on the driver's side floorboard, its close proximity to appellant while he drove the vehicle, his ability to handle it given its proximity, its open and obvious observability, the discovery adjacent to the driver's seat of paraphernalia (the pipe) with which the marijuana could be smoked, appellant's operation or control over the truck immediately prior to the officer's discovery of the drugs, and appellant's effort to avoid apprehension. This constitutes ample circumstantial evidence upon which a rational jury could infer, beyond reasonable doubt, that appellant exercised care, custody, and control of the marijuana and knew of its nature and presence. Thus, the evidence was legally sufficient to support conviction. And, while appellant fails to fully explain in depth why he believed that the evidence was factually insufficient to do so, we nonetheless hold that its quantum was ample to satisfy that standard as well. Again, it does not matter if less than all the factors considered in assessing an accused's nexus to the drugs are present. All

3

that matters is that those which are present suffice to support guilt. They do here, and they are neither weak nor outweighed by other evidence indicative of no link.

Accordingly, the judgment is affirmed.


Per Curiam

Do not publish.