NO. 07-08-0207-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 24, 2009

_____

YOHAWNN DANTE BYNES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 4062; HON. STEVEN EMMERT, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Yohawnn Dante Bynes appeals his conviction for possessing a controlled substance with intent to deliver by contending: 1) the evidence is legally and factually insufficient to sustain his conviction as a principal, 2) the evidence is legally and factually insufficient to sustain his conviction as a party, and 3) the trial court erred in denying his motion to suppress.  We affirm the judgment.

*Background*

On June 1, 2003, Troopers Jerome Ingle and Jason Lindley observed a vehicle, on I-40, driven by Melissa Perkins and traveling too close to the vehicle in front of it. While attempting to catch up to Perkins, they also observed her change lanes without signaling. Thereafter, the troopers initiated a traffic stop and, while doing so, noticed appellant twice rise up in his seat from a reclining position and look at the officers. When the stop had been performed and the troopers approached Perkins' car, appellant was found in the passenger's seat feigning sleep. Perkins' five-year-old daughter was discovered in the back seat.

Perkins showed Trooper Ingle a rental agreement for the vehicle, which was in her name. The agreement was for a two day, one-way trip from California to Arkansas. Moreover, when questioned, she appeared to look to appellant for answers. Additional inquiry revealed that she and appellant had only known each other for two weeks, did not know each other's last names, and were traveling cross country together purportedly so he could help her drive and she could visit relatives. The troopers also discovered that appellant lied when informing them that he had no identification. He told them that he had lost his identification or wallet. The troopers thought this odd since that suggested he was traveling cross-country without either identification or money. Nevertheless, when appellant was asked to exit the car and pull his pants up, his wallet was seen in his pocket, and at that point he produced identification.

When asked for consent to search the vehicle, appellant told the troopers to ask Perkins since the vehicle was not his. In turn, Perkins denied them consent. This resulted in the troopers calling for a drug dog. The latter eventually alerted on the vehicle.

2

Subsequent inspection of the car uncovered 530 grams of cocaine in a camera case on the floor behind the driver's seat. The camera itself was next to where appellant sat while in the car.

*Issues 1-4 - Sufficiency of the Evidence*

In his first four issues, appellant challenges the legal and factual sufficiency of the evidence to support his conviction as either a principal or a party. He asserts that he was not in exclusive possession or control of the place where the contraband was found, and the only evidence linking him to the drugs was his presence in the vehicle. We overrule the issue.

To prove the charge against appellant, the State was required to demonstrate that he knowingly exercised care, custody or control over a controlled substance. *Poindexter v. State,* 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005). Furthermore, when the accused does not have sole possession of the locale where the drugs are found, we look at various indicia to see if he is nonetheless linked to them. *Evans v. State,* 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006). Those indicia consist of things such as whether 1) the accused was present when the search was conducted, 2) the contraband was plainly visible by those present, 3) the drugs were near the defendant, 4) the defendant was under the influence of the substance found, 5) the defendant possessed other contraband or drug paraphernalia when arrested, 6) the defendant uttered any incriminating statements, 7) the defendant attempted to flee or undertook acts indicating a consciousness of guilt, 8) the defendant made furtive gestures, 9) the contraband emitted a recognizable odor at the time, 10) other contraband or drug paraphernalia was present, 11) the defendant had the

3

right to exclusive or joint possession of the locale where the drugs were found, 12) the place where the drugs were found was enclosed, 13) the amount of contraband discovered was large, and 14) the accused was familiar or had experience with drugs. *Valle v. State,* 223 S.W.3d 538, 541 (Tex. App.–Amarillo 2006, pet. dism'd). Moreover, the number of indicia present is not as important as the degree to which they tend to link the defendant to the contraband. *Wallace v. State,* 932 S.W.2d 519, 524 (Tex. App.–Tyler 1995, pet. ref'd).

In considering the indicia here, we find the following in the record: 1) appellant twice rose to stare at the officers though he feigned sleep when they approached the car on foot, 2) appellant was seen reaching towards the area behind the driver's seat, 3) the drugs were located in a camera case within easy reach to where appellant lay when reclining, 4) the camera case was not zipped shut although its flap was folded over, 5) appellant's shoes were located in the back seat, 6) the camera itself was found on the floor of the front passenger seat where appellant was sitting beside a fully loaded Glock pistol magazine, 7) appellant lied to the officer about having no identification, 8) the quantum of cocaine found was an amount that would be used for distribution as opposed to personal use, 9) the driver of the vehicle seemed to be looking to appellant for answers when she was questioned by the officers, 10) Perkins' gaze remained fixed towards appellant while being questioned, 11) even though appellant was not listed on the car rental contract as a driver, he told the officers that he was in the car to help drive, 12) even though Perkins' name was on the rental contract, she was unemployed and she and appellant barely knew each other, and 13) Ingle testified that based on his training and experience, he knew that drug couriers often use a rental vehicle, often try to avoid identification, and often have little

4

acquaintance with those with whom they travel.  Upon considering them in their totality, these factors would allow a rational jury to infer, beyond reasonable doubt, that appellant not only knew of the contraband in the vehicle but also exercised care, custody or control over it.

Admittedly, Perkins was allowed to retrieve her child from the back seat and await the drug dog's arrival by sitting in the front passenger seat.  While this could suggest that she had time to manipulate the drugs, the jury was free to reject that hypothesis.  And, at the very least, appellant had as much access to the drugs as did Perkins.  Therefore, the verdict was not so against the great weight of the evidence as to destroy our confidence in it.  Accordingly, we find the evidence both legally and factually sufficient to support appellant's conviction.

*Issue 5 - Motion to Suppress*

Appellant also challenges the trial court's denial of his motion to suppress. Purportedly, the officers lacked reasonable suspicion to effectuate the traffic stop. Furthermore, Trooper Ingle's opinion that Perkins was following the car in front of her too closely was not supported by specific articulable facts, according to appellant.  We overrule the issue.

In reviewing a motion to suppress, we afford great deference to the trial court's interpretation of historical facts.  *Ford v. State,* 158 S.W.3d 488, 493 (Tex. Crim. App. 2005).  That deference extends to both the trial court's authority to assess the credibility of the witnesses and its authority to disbelieve or believe controverted testimony.  *State v. Ross,* 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  However, we do not afford the same

5

deference to the trial court's application or interpretation of the law. *Ford v. State,* 158 S.W.3d at 493. Finally, we note that a law enforcement officer may stop a vehicle if he has a reasonable suspicion to believe that a traffic violation is in progress or has been committed. *McQuarters v. State,* 58 S.W.3d 250, 255 (Tex. App.–Fort Worth 2001, pet. ref'd).

Irrespective of whether Perkins was driving too closely to another vehicle, Trooper Ingle testified that prior to actually turning on his lights and initiating the stop, he observed Perkins change lanes without signaling, which itself constituted a traffic violation. Thus, there existed legitimate basis for the stop.

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice

Do not publish.

6