MONTOYA V. STATE






NO. 07-08-0447-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 10, 2009
______________________________

FILLIP E. MONTOYA, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee
________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-416,209; HON. CECIL G. PURYEAR, PRESIDING
_______________________________

Memorandum Opinion
_______________________________
 
Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Fillip E. Montoya appeals his conviction for possessing a controlled substance
(cocaine) in a drug free zone. He contends that the evidence is legally and factually
insufficient to show he intentionally and knowingly possessed the substance. We affirm
the judgment. 
 
Law
The standards by which we review legal and factual sufficiency challenges are
well established and can be found in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781,
61 L.Ed.2d 560 (1979), Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006), and
their progeny. Next, to prove the charge against appellant, the State was required to
demonstrate that he knowingly exercised care, custody or control over a controlled
substance. Poindexter v. State, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005). 
When the accused does not have sole possession of the locale where the drugs
are found, we look to various indicia to see if he is linked to them. Evans v. State, 202
S.W.3d 158, 161-62 (Tex. Crim. App. 2006). Those indicia consist of such things as
whether 1) the accused was present when the search was conducted, 2) the
contraband was plainly visible by those present, 3) the drugs were near the defendant,
4) the defendant was under the influence of the substance found, 5) the defendant
possessed other contraband or drug paraphernalia when arrested, 6) the defendant
uttered any incriminating statements, 7) the defendant attempted to flee or undertook
acts indicating a consciousness of guilt, 8) the defendant made furtive gestures, 9) the
contraband emitted a recognizable odor at the time, 10) other contraband or drug
paraphernalia was present, 11) the defendant had the right to exclusive or joint
possession of the locale where the drugs were found, 12) the place where the drugs
were found was enclosed, 13) the amount of contraband discovered was large, and 14)
the accused was familiar or had experience with drugs. Valle v. State, 223 S.W.3d 538,
541 (Tex. App.–Amarillo 2006, pet. dism’d). Moreover, the number of indicia present is
not as important as the degree to which they tend to link the defendant to the
contraband. Wallace v. State, 932 S.W.2d 519, 524 (Tex. App.–Tyler 1995, pet. ref’d). 
Application of Law
 Appellant argues that even though he was the sole person in the vehicle at the
time he was stopped, the car had been rented by his father and driven by his various
siblings and nephews at different times. Thus, the State failed to prove that he was the
one who dropped the cocaine rock onto the floor of the vehicle where it was discovered
by a police officer. We disagree.
The record before us reveals the following: 1) appellant was observed driving
into a motel parking lot that is known as a location for drug dealers at 3:50 a.m., 2)
within a minute or two, he left the parking lot, 3) when the officer activated his
emergency lights, appellant immediately turned his vehicle away from the officer and
headed southbound on a northbound lane of traffic, 4) appellant did not stop though the
officer’s presence was readily noticeable, 5) appellant was the only person in the
vehicle, 6) when the officer opened the driver’s door after receiving consent to search,
he immediately observed a white rock substance which he believed to be cocaine, 7)
the white rock was located on the floor between the driver’s seat and the door frame, 8)
the rock (which happened to be cocaine) was in a location that not only could be seen
by but also was accessible to the vehicle’s driver, 9) persons often buy narcotics such
as the cocaine found here in an unpackaged state, 10) persons who possess narcotics
do not generally leave them lying around, and 11) the rock substance appeared fresh
because it had not yet begun to crumble or dissolve. Given what could be viewed as
appellant’s attempt to evade detention, the criminal history surrounding the motel from
which appellant left, the time of night, appellant’s length of stay at the motel, and the
other evidence mentioned above, a rational jury could logically infer, beyond a
reasonable doubt, not only that appellant knew the contraband was there but also that
he knowingly exercised care, custody, or control over it. 
Appellant’s father did testify that he had rented the vehicle and that he allowed
his five sons, adult grandchildren, and friends to drive it. However, he did not know who
had driven the vehicle the day appellant was detained in it. While this information
suggests that others had access to and drove the car, without more, this falls short of
being some evidence tending to illustrate that anyone else had actually driven it
immediately before appellant did. Nor can one reasonably infer from it, without more,
that any of the other relatives or friends who had the opportunity to drive the car left the
cocaine in it. Consequently, we do not find this or any other evidence of record of such
persuasiveness as to undermine our confidence in the verdict. 
Because both the verdict and judgment had the support of legally and factually
sufficient evidence, we overrule appellant’s issues and affirm the judgment.
 
                                                                Brian Quinn
                                                               Chief Justice 
 
Do not publish.