NO. 07-08-0447-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 10, 2009
_____

FILLIP E. MONTOYA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-416,209; HON. CECIL G. PURYEAR, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Fillip E. Montoya appeals his conviction for possessing a controlled substance (cocaine) in a drug free zone. He contends that the evidence is legally and factually insufficient to show he intentionally and knowingly possessed the substance. We affirm the judgment.

*Law*

The standards by which we review legal and factual sufficiency challenges are well established and can be found in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006), and their progeny. Next, to prove the charge against appellant, the State was required to demonstrate that he knowingly exercised care, custody or control over a controlled substance. *Poindexter v. State,* 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005).

When the accused does not have sole possession of the locale where the drugs are found, we look to various indicia to see if he is linked to them. *Evans v. State,* 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006). Those indicia consist of such things as whether 1) the accused was present when the search was conducted, 2) the contraband was plainly visible by those present, 3) the drugs were near the defendant, 4) the defendant was under the influence of the substance found, 5) the defendant possessed other contraband or drug paraphernalia when arrested, 6) the defendant uttered any incriminating statements, 7) the defendant attempted to flee or undertook acts indicating a consciousness of guilt, 8) the defendant made furtive gestures, 9) the contraband emitted a recognizable odor at the time, 10) other contraband or drug paraphernalia was present, 11) the defendant had the right to exclusive or joint possession of the locale where the drugs were found, 12) the place where the drugs were found was enclosed, 13) the amount of contraband discovered was large, and 14) the accused was familiar or had experience with drugs. *Valle v. State,* 223 S.W.3d 538, 541 (Tex. App.–Amarillo 2006, pet. dism'd). Moreover, the number of indicia present is

not as important as the degree to which they tend to link the defendant to the contraband. *Wallace v. State,* 932 S.W.2d 519, 524 (Tex. App.–Tyler 1995, pet. ref'd).

*Application of Law*

Appellant argues that even though he was the sole person in the vehicle at the time he was stopped, the car had been rented by his father and driven by his various siblings and nephews at different times. Thus, the State failed to prove that he was the one who dropped the cocaine rock onto the floor of the vehicle where it was discovered by a police officer. We disagree.

The record before us reveals the following: 1) appellant was observed driving into a motel parking lot that is known as a location for drug dealers at 3:50 a.m., 2) within a minute or two, he left the parking lot, 3) when the officer activated his emergency lights, appellant immediately turned his vehicle away from the officer and headed southbound on a northbound lane of traffic, 4) appellant did not stop though the officer's presence was readily noticeable, 5) appellant was the only person in the vehicle, 6) when the officer opened the driver's door after receiving consent to search, he immediately observed a white rock substance which he believed to be cocaine, 7) the white rock was located on the floor between the driver's seat and the door frame, 8) the rock (which happened to be cocaine) was in a location that not only could be seen by but also was accessible to the vehicle's driver, 9) persons often buy narcotics such as the cocaine found here in an unpackaged state, 10) persons who possess narcotics do not generally leave them lying around, and 11) the rock substance appeared fresh

3

because it had not yet begun to crumble or dissolve. Given what could be viewed as appellant's attempt to evade detention, the criminal history surrounding the motel from which appellant left, the time of night, appellant's length of stay at the motel, and the other evidence mentioned above, a rational jury could logically infer, beyond a reasonable doubt, not only that appellant knew the contraband was there but also that he knowingly exercised care, custody, or control over it.

Appellant's father did testify that he had rented the vehicle and that he allowed his five sons, adult grandchildren, and friends to drive it. However, he did not know who had driven the vehicle the day appellant was detained in it. While this information suggests that others had access to and drove the car, without more, this falls short of being some evidence tending to illustrate that anyone else had actually driven it immediately before appellant did. Nor can one reasonably infer from it, without more, that any of the other relatives or friends who had the opportunity to drive the car left the cocaine in it. Consequently, we do not find this or any other evidence of record of such persuasiveness as to undermine our confidence in the verdict.

Because both the verdict and judgment had the support of legally and factually sufficient evidence, we overrule appellant's issues and affirm the judgment.


Brian Quinn
Chief Justice

Do not publish.

4