In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-08-00395-CR


 _____________________



JOE ALLEN LEWIS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 19,964






MEMORANDUM OPINION



 A jury convicted appellant Joe Allen Lewis of felony possession of a controlled
substance, cocaine. See Tex. Health & Safety Code Ann. § 481.115(b) (Vernon 2003). 
Lewis's sole issue on appeal challenges the legal sufficiency of the evidence to support the
verdict. We affirm. 

 After learning from a confidential informant that Lewis was selling drugs from room
112 of a motel in Livingston, a police lieutenant set up a sting operation. The lieutenant
searched the informant for illegal contraband, gave him one hundred dollars, recorded the
serial numbers of the bills, dropped the informant off at the motel, and instructed him to go
to room 112 to make the purchase. The lieutenant parked down the street where he could
maintain visual contact with the informant. The informant entered room 112, then exited the
room, and returned to the officer with five rocks of cocaine. The lieutenant secured the rocks
as evidence and prepared an affidavit for a search warrant.

 The informant, who had worked in that capacity for the Livingston Police Department
on several occasions and was an admitted drug user, testified that he knocked on the motel
room door. He asked Lewis if he had some crack and Lewis sold him some. The informant
left, met back with the lieutenant, and gave him the cocaine.

 Approximately one hour after the informant purchased the cocaine, the lieutenant and
additional officers arrived at the motel to execute the search warrant. The police attempted
unsuccessfully to secure a room key from the motel management. The officers knocked on
the door to room 112 and asked the occupants to open the door. After the occupants refused,
the officers tried to kick the door open. The door was opened and the officers entered the
room.

 Lewis was in the room with Marcus Green, Josh Dublin, and Lewis's son. The
lieutenant asked the occupants to whom the room belonged, and Lewis told the lieutenant it
was his room. The officers recovered a DVD case that contained razor blades and what
appeared to be cocaine residue. They found marijuana and cellophane cigarette casing in the
ashtray. Next to the toilet they found an open bottle containing what appeared to be cocaine
residue. They found ledger sheets showing amounts owed and also found small plastic
baggies and part of a digital scale. 

 The officers also recovered $1537 in cash from the clothing Lewis was wearing, and
from another pair of pants thrown over some other clothes in the room. Some of the bills
used to buy the cocaine were retrieved from Lewis's front left pocket. Lewis said the money
belonged to him. Lewis was arrested and the evidence was collected. Andrew Gardiner, a
forensic scientist with the Texas Department of Public Safety Houston Crime Laboratory,
testified the substance collected was approximately 0.86 grams of cocaine. 

 Lewis testified he was inside room 112 that morning to see if he left money in some
clothes he recently sold to Dublin. Lewis left and then returned with his son that afternoon. 
Approximately fifteen minutes later, the police arrived. Lewis said he did not know there
was cocaine or marijuana in the room, he did not sell the informant cocaine, and he did not
see Green or Dublin engage in any drug transactions while he was in the room. Lewis denied
saying the room belonged to him, but admitted he stated the money was his. Although Lewis
claimed he earned the money from work, he also said that the seized bills -- identified by the
lieutenant as bills provided the informant for the drug transaction -- were given to him by
Dublin. 

 Lewis contends the evidence is legally insufficient to support his conviction. In a
legal sufficiency review, an appellate court considers the evidence in the light most favorable
to the verdict to determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319,
99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The trier of fact determines the facts and the weight
to be given the testimony. See Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008)
("Appellate courts should afford almost complete deference to a jury's decision when that
decision is based upon an evaluation of credibility."). Any inconsistencies in the evidence
are resolved in favor of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App.
2000) (citing Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988)).

 To prove unlawful possession of a controlled substance, the State must establish that
the defendant exercised actual care, custody, control, or management over the substance, and
that the defendant knew the substance was contraband. See Tex. Health & Safety Code
Ann. §§ 481.002(38) (Vernon Supp. 2008), 481.115(a) (Vernon 2003); Poindexter v. State,
153 S.W.3d 402, 405 (Tex. Crim. App. 2005). The State need not prove exclusive
possession of the contraband for conviction; control over contraband may be jointly exercised
by more than one person. McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim. App.
1985); State v. Derrow, 981 S.W.2d 776, 779 (Tex. App.--Houston [1st Dist.] 1998, pet.
ref'd). Mere presence in the vicinity of a controlled substance does not, by itself, support a
finding that a person is in joint possession or is a party to an offense. Roberson v. State, 80
S.W.3d 730, 735 (Tex. App.--Houston [1st Dist.] 2002, pet. ref'd). If the accused is not in
exclusive possession of the place where the contraband is found, additional independent facts
and circumstances may affirmatively link the accused to the contraband. Poindexter, 153
S.W.3d at 406. An affirmative link may be established through either direct or circumstantial
evidence, and must establish that the defendant's connection to the contraband was more than
just fortuitous. Id. at 405-06.

 Circumstances which may indicate an affirmative link include: 

 (1) the defendant's presence when a search is conducted; (2) whether the
contraband was in plain view[;] (3) the defendant's proximity to and the
accessibility of the narcotic; (4) whether the defendant was under the influence
of narcotics when arrested; (5) whether the defendant possessed other
contraband or narcotics when arrested; (6) whether the defendant made
incriminating statements when arrested; (7) whether the defendant attempted
to flee; (8) whether the defendant made furtive gestures; (9) whether there was
an odor of contraband; (10) whether other contraband or drug paraphernalia
were present; (11) whether the defendant owned or had the right to possess the
place where the drugs were found; (12) whether the place where the drugs
were found was enclosed; (13) whether the defendant was found with a large
amount of cash; and (14) whether the conduct of the defendant indicated a
consciousness of guilt. 


Olivarez v. State, 171 S.W.3d 283, 291 (Tex. App.--Houston [14th Dist.] 2005, no pet.). The
quantity of factors established is not as important as the degree to which they affirmatively
link the defendant to the contraband. Wallace v. State, 932 S.W.2d 519, 524 (Tex. App.--Tyler 1995, pet. ref'd).

 The informant testified Lewis sold him cocaine. When executing the search warrant,
the officers instructed the occupants to open the door and it was not until the officers
attempted to use force that the occupants opened the door. The officers recovered cocaine
and marijuana in plain view from the room in which Lewis was present at the time of the
search. A large amount of money and drug paraphernalia were also recovered. The
lieutenant testified Lewis acknowledged that the room and the money belonged to him. 
Several of the bills provided to the informant to purchase cocaine were found on Lewis. 
Reviewing all the evidence in the light most favorable to the verdict, we conclude a rational
trier of fact could have found beyond a reasonable doubt that Lewis was guilty of the offense
charged. Appellant's sole point of error is overruled.

 AFFIRMED. 

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on July 16, 2009

Delivered August 26, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.