NO.
07-08-0467-CR

IN THE
COURT OF APPEALS

FOR THE
SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 22,
2010

______________________________

JAMES
M. STOREY,

Appellant

V.

 

THE STATE OF
TEXAS,

 

Appellee

_______________________________

 

FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

NO. 2008-420,423; HON.
CECIL G. PURYEAR, PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

James M. Story was convicted
of possession of a controlled substance (cocaine) with intent to deliver.  He posits three issues in effort to overturn
the conviction.  They involve the
sufficiency of the evidence supporting the jury’s verdict and the trial court’s
decision to admit evidence of extraneous offenses.  We affirm the judgment. 








 

 

Background

The police received information that drug sales were taking place at
1308 26th Street in Lubbock. 
One officer conducted surveillance on the property on May 17, 2008, and
observed 12 to 15 people enter the residence, stay briefly, and leave during a
thirty- minute period.  He believed that
conduct to be consistent with drug activity. 
The officer then proceeded to follow one of the persons leaving the
residence, Dedrick Robinson, and undertake a traffic stop of him.  During the course of that stop, Robinson was
found to be in possession of cocaine. 
Robinson then proceeded to supply the police with information that
appellant, whom he knew as APeanut,@ James Craft, and Bobby Chiles were selling cocaine
from the residence.  As a result, a
search warrant was served on that location. 


Prior to serving the
warrant, an officer observed Chiles and appellant “appear” to exit the
residence onto the front porch.  When the
officers approached, Chiles ran into the house while appellant remained on the
front porch.  Chiles was found near a
plastic bag with a white rock substance later identified as cocaine.  Other narcotics, drug paraphernalia, and
weapons were found in the residence.  No
drugs were found on appellant. 

Issue 1 - Custody, Care, and Control 

In his first issue,
appellant argues that the evidence is insufficient to prove that he exercised
care, custody, and control of the cocaine. 
We overrule the issue.

The standards by which we
review legal and factual sufficiency challenges are well established and can be
found in Jackson v. Virginia, 443 U.S.
307, 99 S.Ct. 2781,








61 L.Ed.2d 560 (1979), Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006), and their
progeny.  Next, to prove the charge against appellant,
the State was required to demonstrate that he knowingly exercised care,
control, or management over the controlled substance and knew the matter
possessed was contraband.  Poindexter v. State, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005).  

In situations where the
accused does not have sole possession of the locale where the drugs are found,
we look to various indicia to see if they link him to the drugs.  Evans v. State, 202 S.W.3d
158, 161-62 (Tex. Crim. App. 2006).  Those indicia consist of such things as
whether 1) the accused was present when the search was conducted, 2) the
contraband was plainly visible by those present, 3) the drugs were near the
defendant, 4) the defendant was under the influence of the substance when
found, 5) the defendant possessed other contraband or drug paraphernalia when
arrested, 6) the defendant uttered any incriminating statements, 7) the
defendant attempted to flee or acted in a way that indicated a consciousness of
guilt, 8) the defendant made furtive gestures, 9) the contraband emitted a
recognizable odor at the time, 10) the place where the drugs were found was
enclosed, 11) the amount of contraband was large, and 12) the accused was
familiar or had experience with drugs.  Valle v. State, 223 S.W.3d 538, 541 (Tex. App.–Amarillo 2006, pet.
dism=d).  Moreover, the number of indicia present is
not as important as the degree to which they tend to link the defendant to the
contraband.  Wallace v. State, 932 S.W.2d
519, 524 (Tex. App.–Tyler 1995, pet. ref=d).  

Appellant argues that he was not found with any drugs on his person, he
did not run when the police arrived, he was not in the house where the drugs
and drug paraphernalia were located, he did not appear to be under the
influence of any drugs, he did not give any incriminating statements, and there
was no evidence that he owned or leased the premises.  Thus, he contends the State failed to prove
that he was linked to the narcotics. 
While that may be true, we find other evidence in the record which does
link appellant to the drugs.  It includes
such things as 1) appellant appearing to have come out of the house just prior
to execution of the search warrant, 2) the presence of drugs and drug
paraphernalia in plain view in the house, 3) the name of James Berry, an alias
used by appellant, being on the mailbox, 4) an electric bill addressed to James
Berry being found in the house, 5) the presence of a handgun, marijuana,
prescription pills and drug paraphernalia in the house, 6) appellant’s
possession of $186 in small bills, which circumstance was common for one
selling drugs, 7) the police locating 16.88 grams of cocaine in the house, 8)
Chiles admitting to an officer that he and appellant sold drugs at the residence,
and 9) Robinson testifying that he had purchased cocaine from appellant at the
house on multiple occasions.  From this
evidence, a jury could rationally infer, beyond a reasonable doubt, that
appellant knew the drugs were there and that he knowingly exercised care,
custody, or control over them.  Moreover,
this finding does not undermine our confidence in the verdict.  Thus, the evidence is both legally and
factually sufficient.  

Issues 2 and 3 - Extraneous Offenses

Next, appellant complains of
the trial court=s admission into evidence of extraneous
offenses.  Those offenses were prior drug
transactions involving appellant at the same location and included in a
statement made by Robinson. First, appellant contends the prior notice he
received of the State=s intent to use those offenses as evidence was
unreasonable per se.  In other words, he
did not receive adequate time to prepare for their use by the State.  It is true that upon request, reasonable
notice must be given in advance of trial of the State=s
intent to introduce extraneous offense evidence during the State=s
case-in-chief.  Tex. R. Evid. 404(b);
Tex. Code Crim. Proc. Ann. art. 37.07 '3(g)
(Vernon Supp. 2008).  It is also
true that some authority exists holding that the
State’s provision of notice the Friday before the Monday on which trial was to
start was unreasonable.  See Neuman v. State, 951 S.W.2d 538, 540 (Tex.
App.–Austin 1997, no pet.).  Yet, the
complaint must be preserved, and one prerequisite to preservation is seeking a
continuance from the court.  Martin v. State, 176 S.W.3d 887, 900 (Tex. App.–Fort Worth 2005, no
pet.) (stating
that the failure to request a continuance waived any complaint that the
defendant was surprised by the State=s notice).  The
record fails to reflect that such a continuance was requested here.  And, since the tenor of appellant’s complaint
relates to surprise (i.e. the lack of
time to prepare a means to address matters about which he did not previously
know) the complaint was not preserved. 
Therefore, it is overruled. 

Second, appellant complains
that admission of the evidence was in violation of Rule of Evidence
404(b).  We overrule this issue as
well.  Evidence of extraneous offenses
can be admissible for purposes of proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident.  Tex.
R. Evid. 404(b).  For instance, evidence of prior drug sales
can be relevant to prove motive, intent, and knowledge.  See Benavides v. State, 992 S.W.2d 511, 522 (Tex. App.–
Houston [1st Dist.] 1999, pet. ref’d).  Here, appellant attempted to show that he was
not connected to the drugs in the house. 
The information contained in the documents at issue involved prior
instances of appellant selling drugs in that house and elsewhere.  So, it tends to establish his knowledge about
the drugs in the house, their purpose for being there, and his role in their
sale.  At the very least, we cannot say
that the trial court’s decision to admit the evidence fell outside the zone of
reasonable disagreement and, thereby, constituted an abuse of discretion.  

Moreover, appellant=s complaint on appeal specifically addressed the statement and testimony of Robinson.  However, much of the same testimony was
admitted through police officer Chris Payne, who testified about what he
learned from Robinson, and appellant does not complain of that testimony on
appeal.  Evidence was also admitted
illustrating that Chiles told police that he and appellant were selling drugs
at the residence.  Thus, the same type of
evidence came in through other sources. 
This being so, we cannot say that the decision to admit Robinson’s
information was harmful even if inadmissible. 
Sanchez v. State, 269
S.W.3d 169, 172 (Tex. App.–Amarillo 2008, pet. ref’d)
(holding that because the same evidence was admitted elsewhere without
objection, the purported error was harmless). 


The
judgment of the trial court is affirmed.

 

Per
Curiam

 

 

Do not publish.