NO. 07-08-0467-CR
 IN THE COURT OF APPEALS
 FOR THE SEVENTH DISTRICT OF TEXAS
 AT AMARILLO
 PANEL B
 FEBRUARY 22, 2010
 ______________________________
 JAMES M. STOREY,
 Appellant
 V.
 
 THE STATE OF TEXAS,
 
 Appellee
 _______________________________
 
 FROM THE 137[TH] DISTRICT COURT OF LUBBOCK COUNTY;
 NO. 2008-420,423; HON. CECIL G. PURYEAR, PRESIDING
 _______________________________
 Memorandum Opinion
 _______________________________
Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
James M. Story was convicted of possession of a controlled substance (cocaine) with intent to deliver. He posits three issues in effort to overturn the conviction. They involve the sufficiency of the evidence supporting the jury's verdict and the trial court's decision to admit evidence of extraneous offenses. We affirm the judgment. 

Background
The police received information that drug sales were taking place at 1308 26[th] Street in Lubbock. One officer conducted surveillance on the property on May 17, 2008, and observed 12 to 15 people enter the residence, stay briefly, and leave during a thirty- minute period. He believed that conduct to be consistent with drug activity. The officer then proceeded to follow one of the persons leaving the residence, Dedrick Robinson, and undertake a traffic stop of him. During the course of that stop, Robinson was found to be in possession of cocaine. Robinson then proceeded to supply the police with information that appellant, whom he knew as Peanut, James Craft, and Bobby Chiles were selling cocaine from the residence. As a result, a search warrant was served on that location. 
Prior to serving the warrant, an officer observed Chiles and appellant "appear" to exit the residence onto the front porch. When the officers approached, Chiles ran into the house while appellant remained on the front porch. Chiles was found near a plastic bag with a white rock substance later identified as cocaine. Other narcotics, drug paraphernalia, and weapons were found in the residence. No drugs were found on appellant. 
Issue 1 - Custody, Care, and Control 
In his first issue, appellant argues that the evidence is insufficient to prove that he exercised care, custody, and control of the cocaine. We overrule the issue.
The standards by which we review legal and factual sufficiency challenges are well established and can be found in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781,
61 L.Ed.2d 560 (1979), Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006), and their progeny. Next, to prove the charge against appellant, the State was required to demonstrate that he knowingly exercised care, control, or management over the controlled substance and knew the matter possessed was contraband. Poindexter v. State, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005). 
In situations where the accused does not have sole possession of the locale where the drugs are found, we look to various indicia to see if they link him to the drugs. Evans v. State, 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006). Those indicia consist of such things as whether 1) the accused was present when the search was conducted, 2) the contraband was plainly visible by those present, 3) the drugs were near the defendant, 4) the defendant was under the influence of the substance when found, 5) the defendant possessed other contraband or drug paraphernalia when arrested, 6) the defendant uttered any incriminating statements, 7) the defendant attempted to flee or acted in a way that indicated a consciousness of guilt, 8) the defendant made furtive gestures, 9) the contraband emitted a recognizable odor at the time, 10) the place where the drugs were found was enclosed, 11) the amount of contraband was large, and 12) the accused was familiar or had experience with drugs. Valle v. State, 223 S.W.3d 538, 541 (Tex. App. - Amarillo 2006, pet. dismd). Moreover, the number of indicia present is not as important as the degree to which they tend to link the defendant to the contraband. Wallace v. State, 932 S.W.2d 519, 524 (Tex. App. - Tyler 1995, pet. refd). 
Appellant argues that he was not found with any drugs on his person, he did not run when the police arrived, he was not in the house where the drugs and drug paraphernalia were located, he did not appear to be under the influence of any drugs, he did not give any incriminating statements, and there was no evidence that he owned or leased the premises. Thus, he contends the State failed to prove that he was linked to the narcotics. While that may be true, we find other evidence in the record which does link appellant to the drugs. It includes such things as 1) appellant appearing to have come out of the house just prior to execution of the search warrant, 2) the presence of drugs and drug paraphernalia in plain view in the house, 3) the name of James Berry, an alias used by appellant, being on the mailbox, 4) an electric bill addressed to James Berry being found in the house, 5) the presence of a handgun, marijuana, prescription pills and drug paraphernalia in the house, 6) appellant's possession of $186 in small bills, which circumstance was common for one selling drugs, 7) the police locating 16.88 grams of cocaine in the house, 8) Chiles admitting to an officer that he and appellant sold drugs at the residence, and 9) Robinson testifying that he had purchased cocaine from appellant at the house on multiple occasions. From this evidence, a jury could rationally infer, beyond a reasonable doubt, that appellant knew the drugs were there and that he knowingly exercised care, custody, or control over them. Moreover, this finding does not undermine our confidence in the verdict. Thus, the evidence is both legally and factually sufficient. 
Issues 2 and 3 - Extraneous Offenses
Next, appellant complains of the trial courts admission into evidence of extraneous offenses. Those offenses were prior drug transactions involving appellant at the same location and included in a statement made by Robinson. First, appellant contends the prior notice he received of the States intent to use those offenses as evidence was unreasonable per se. In other words, he did not receive adequate time to prepare for their use by the State. It is true that upon request, reasonable notice must be given in advance of trial of the States intent to introduce extraneous offense evidence during the States case-in-chief. Tex. R. Evid. 404(b); Tex. Code Crim. Proc. Ann. art. 37.07 3(g) (Vernon Supp. 2008). It is also true that some authority exists holding that the State's provision of notice the Friday before the Monday on which trial was to start was unreasonable. See Neuman v. State, 951 S.W.2d 538, 540 (Tex. App. - Austin 1997, no pet.). Yet, the complaint must be preserved, and one prerequisite to preservation is seeking a continuance from the court. Martin v. State, 176 S.W.3d 887, 900 (Tex. App. - Fort Worth 2005, no pet.) (stating that the failure to request a continuance waived any complaint that the defendant was surprised by the States notice). The record fails to reflect that such a continuance was requested here. And, since the tenor of appellant's complaint relates to surprise (i.e. the lack of time to prepare a means to address matters about which he did not previously know) the complaint was not preserved. Therefore, it is overruled. 
Second, appellant complains that admission of the evidence was in violation of Rule of Evidence 404(b). We overrule this issue as well. Evidence of extraneous offenses can be admissible for purposes of proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Tex. R. Evid. 404(b). For instance, evidence of prior drug sales can be relevant to prove motive, intent, and knowledge. See Benavides v. State, 992 S.W.2d 511, 522 (Tex. App. - Houston [1[st] Dist.] 1999, pet. ref'd). Here, appellant attempted to show that he was not connected to the drugs in the house. The information contained in the documents at issue involved prior instances of appellant selling drugs in that house and elsewhere. So, it tends to establish his knowledge about the drugs in the house, their purpose for being there, and his role in their sale. At the very least, we cannot say that the trial court's decision to admit the evidence fell outside the zone of reasonable disagreement and, thereby, constituted an abuse of discretion. 
Moreover, appellants complaint on appeal specifically addressed the statement and testimony of Robinson. However, much of the same testimony was admitted through police officer Chris Payne, who testified about what he learned from Robinson, and appellant does not complain of that testimony on appeal. Evidence was also admitted illustrating that Chiles told police that he and appellant were selling drugs at the residence. Thus, the same type of evidence came in through other sources. This being so, we cannot say that the decision to admit Robinson's information was harmful even if inadmissible. Sanchez v. State, 269 S.W.3d 169, 172 (Tex. App. - Amarillo 2008, pet. ref'd) (holding that because the same evidence was admitted elsewhere without objection, the purported error was harmless). 
The judgment of the trial court is affirmed.
Per Curiam

Do not publish.