

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00543-CR

PEDRO SIFUENTEZ, SR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Castro County, Texas
Trial Court No. A3399-1204, Honorable Robert W. Kinkaid Jr., Presiding

September 11, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pedro Sifuentez, Sr., appeals his conviction for possessing a controlled substance, namely methamphetamine. Through a single issue, he contends that the evidence is insufficient to establish the links necessary to connect him with the drug. We affirm.

In addressing the issue, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443

U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The essential elements at bar consisted of the State proving that appellant knowingly exercised care, control, or management over the controlled substance (methamphetamine) and knew the matter possessed was contraband. *Poindexter v. State,* 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005). Furthermore, when the accused does not have sole possession of the locale wherein the drugs were found, we consider various indicia to assess the quality of the link between him and the drugs. *Evans v. State*, 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006). Those indicia consist of such things as whether 1) the accused was present when the search was conducted, 2) the contraband was plainly visible by those present, 3) the drugs were near the defendant, 4) the defendant was under the influence of the substance when found, 5) the defendant possessed other contraband or drug paraphernalia when arrested, 6) the defendant uttered any incriminating statements, 7) the defendant attempted to flee or acted in a way that indicated a consciousness of guilt, 8) the defendant made furtive gestures, 9) the contraband emitted a recognizable odor at the time, 10) the place where the drugs were found was enclosed, 11) the amount of contraband was large, and 12) the accused was familiar or had experience with drugs. *Valle v. State*, 223 S.W.3d 538, 541 (Tex. App.–Amarillo 2006, pet. dism'd). Moreover, the number of indicia present is not as important as the degree to which they tend to tie the defendant to the contraband. *Wallace v. State*, 932 S.W.2d 519, 524 (Tex. App.–Tyler 1995, pet. ref'd).

Construing the record in the light most favorable to the verdict, we encounter the following evidence. Law enforcement officials obtained a warrant to search a house

belonging to appellant for drugs. While they executed that warrant, appellant was seen coming from a bedroom in his underwear. Appellant and a female shared the room from which he exited. Inside it was found a dresser and bed. On the dresser lay 1) a purse containing two baggies of methamphetamine, 2) a baggie containing a green leafy substance, and 3) another baggie next to a mirrored plate containing a white crystalized powder substance. On the bed, the officers found a baggie also containing methamphetamine. Elsewhere in that same room, they discovered money, scales, empty baggies, and "meth pipes."

Not present were appellant's fingerprints on any of the drugs or their containers. Nor did he own the purse. So too did two other people live in the house. Neither party cites us to any evidence suggesting that appellant was under the influence of any intoxicant at the time of the search. Nevertheless, our description in the foregoing paragraph of what the record contains leads us to conclude that some evidence exists upon which rational jurors could find beyond a reasonable doubt that appellant knew of the methamphetamine and knowingly exercised care, custody, or control over it. Moreover, this finding does not undermine our confidence in the verdict. Thus, the evidence is sufficient.

Accordingly, we affirm the judgment of the trial court.


Per Curiam

Do not publish.

3